ANNIS v. WILSON.

1. CONVEYANCE TO AN INFANT — A TRUSTEE UNNECESSARY.— A conveyance of real estate may be made directly to an infant, and it will operate to vest the title immediately in the grantee upon delivery of the deed for record. The creation of a trust, or the intervention of a trustee, is unnecessary.

2. A DEED ABSOLUTE NOT QUALIFIED BY A SUBSEQUENT RECITAL. —A father having conveyed land to his infant daughter, her heirs and assigns forever, by deed direct, but reciting that the same was to be held in trust by her grandfather until she became of age, the grandfather " to have full control and use of the property by paying taxes and other expenses attending," the title to the property passed directly to the infant upon delivery of the deed, no title or trust being thereby invested in the grandfather.

3. A RESULTING TRUST IN THE GRANTOR CANNOT BE ESTABLISHED BY PAROL.— In such case if the child die before attaining her majority the title passes to her heirs at law, and the father will not be permitted to prove by parol that he intended by the deed a resulting trust to himself in that event.

*Appeal from District Court of Weld County.*

APPELLANT brought suit against appellee, who had formerly been his wife, and was the mother of his infant child, Erma E. Annis, and who was afterwards divorced and remarried, and complained as follows: "(1) That on or about the 21st day of July, A. D. 1881, and long prior thereto, plaintiff was the owner in fee-simple of the following real property, situated in the county of Weld, and state of Colorado, to wit: Lot 11 of the northeast quarter of the southeast quarter of section 8, township 5 north, of range 65 west, containing, according to the subdivisions of lands made by the Union Colony of Colorado, five acres; also lot 2 in block 72 in the town of Greeley, according to the original plat of said town.

"(2) That on or about the 21st day of July, 1881, in the county of Arapahoe, in the state of Colorado, in consideration of love and affection, and without any valuable consideration whatever, plaintiff made, signed, sealed and duly

acknowledged and delivered to one Eli Annis, his father, his certain deed, in words and figures as follows:

"'This deed made this first day of July, in the year of our Lord one thousand eight hundred and eighty-one, between E. B. Annis, of the county of Arapahoe, and state of Colorado, of the first part, and Erma E. Annis, of the county of Arapahoe, and state of Colorado, of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of one thousand dollars, to the said party of the first part in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell, convey and confirm unto the said party of the second part, her heirs and assigns forever, all the following described lots, parcels of land, situated, lying and being in the county of Weld, and state of Colorado, to wit: Lot eleven (11) of N. E. ¼ of S. E. ¼ of section eight (8), township five (5) north, range sixty-five (65) west, according to the town plat of the town of Greeley; also lot No. two (2) in block No. seventy-two (72) of the town of Greeley, in said county and state, according to the original plat of said town of Greeley (the above-described property to be held in trust by Eli Annis, of the county of Weld, state of Colorado, until the said Erma E. Annis becomes of age; the said Eli Annis to have full control and use of said property by paying taxes and other expenses attending); together with all and singular the hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, claim and demand whatsoever of the said party of the first part, either in law or equity, of, in and to the above-bargained premises, with the hereditaments and appurtenances. To have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, her heirs and assigns forever.

And the said party of the first part, for his heirs, executors, administrators, does covenant, grant, bargain and agree to and with the said party of the second part, her heirs and assigns, that at the time of the ensealing and delivery of these presents he is well seized of the premises above conveyed, as of good, sure, perfect, absolute and indefeasible estate of inheritance, in law, in fee-simple, and has good right, full power and lawful authority to grant, bargain, sell and convey the same, in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and incumbrances of whatever kind or nature soever; and the above-bargained premises, in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, against all and every person or persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part shall and will warrant and forever defend.

" ' In witness whereof the said party of the first part has hereunto set his hand and seal the day and year above written.        [Signed]        E. B. ANNIS.'

" For which deed an ordinary printed blank form was used, and the clause therein following the description of the premises, and relative to the interest of said Eli Annis, was written. And said deed was by the said Eli Annis, on the 25th day of July, 1881, filed for record in the office of the county clerk and recorder of Weld county, and duly recorded in said office in book 31, at page 274, of the records therein. That since said time, until the execution and delivery to plaintiff of the deed hereinafter mentioned, the said Eli Annis was in possession of the real property above described, has paid taxes thereon, and enjoyed the rents and profits thereof.

" (3) That the said Erma E. Annis mentioned in said deed was the infant child of plaintiff, of the age of about seven years at the time of the execution of said deed. That plaintiff executed and delivered to the said Eli Annis as

aforesaid, for the sole purpose of providing his said daughter Erma E. Annis with some property in case she should arrive at the age of eighteen, this said deed, and intended by said deed that the said Eli Annis should hold the title to said real estate for the purpose of conveying the same to the said Erma E. Annis, in case she should arrive at the age of eighteen years, and in case she should not live to that age that he should reconvey the same to plaintiff.

" (4) That on the 18th day of January, 1886, the said Erma E. Annis departed this life at the age of eleven years, intestate, and leaving this plaintiff, her father, her sole heir at law. That on or about the 14th day of May, 1886, the defendant, Mary E. Wilson, who is the mother of said child, duly received letters of administration upon the estate of said Erma E. Annis from the county court in and for the county of Weld, sitting for probate business. That claims amounting in the aggregate to eleven hundred dollars, or thereabouts, have been by the county court of Weld county, sitting for probate business, allowed against the estate of the said Erma E. Annis. That the said estate of Erma E. Annis has no property, real or personal.

" (5) That the said Mary E. Wilson, as such administratrix, claims that, by the terms and provisions of the deed hereinbefore set forth, the said Erma E. Annis at the time of her decease was seized in fee of the real property before mentioned, and that the said real property is subject to the payment of the debts allowed by said court against the estate of said Erma E. Annis, deceased; and said administratrix threatens and intends to proceed, pursuant to the statutes, by the filing of a petition in the county court in and for Weld county, to have said lands sold for the purpose of paying such claims so allowed against the estate of the said Erma E. Annis, deceased.

" (6) That on the 25th day of October, 1886, the said Eli Annis made, signed, sealed, executed and delivered to plaintiff his certain quitclaim deed, wherein and whereby he conveyed to plaintiff the said real property, for good

and sufficient consideration to the said Eli Annis, and in pursuance of the intent of plaintiff in executing and delivering to said Eli Annis the deed before mentioned; and that since the delivery of said deed plaintiff has been in possession of said real property as owner thereof, and is now, by virtue of said deed, the owner in fee-simple of said real property.

"Wherefore plaintiff prays it may be adjudged and decreed by this honorable court (1) that plaintiff is the owner in fee-simple of the real property hereinbefore described; (2) that said claim of the defendant, as administratrix of the estate of Erma E. Annis, deceased, is without foundation or merit; (3) that the said defendant, as said administratrix, shall be restrained and enjoined from any proceeding to subject the said real property to the payment of the debts of the said Erma E. Annis, deceased, and from in any manner interfering with plaintiff's title therein; (4) and for costs of this action. Haynes, Dunning & Annis, Attorneys for Plaintiff."

A demurrer was filed to the complaint, the grounds stated being — *First*, that it was ambiguous and uncertain; *second*, that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment entered dismissing the complaint. From such judgment this appeal was taken. The errors assigned are — *First*, that the district court erred in sustaining the demurrer of defendant to the complaint; *second*, the district court erred in dismissing the action, and entering the final decree in favor of defendant.

Messrs. E. F. Dunning, H. N. Haynes and F. J. Annis, for appellant.

Mr. Jas. W. McCreery, for appellee.

Reed, C. It is alleged in the complaint "that plaintiff executed and delivered to said Eli Annis as aforesaid, for the sole purpose of providing his said daughter, Erma E.

Annis, with some property in case she should arrive at the age of eighteen, this said deed, and intended by said deed that the said Eli Annis should hold the title to said real estate for the purpose of conveying the same to the said Erma E. Annis, in case she should arrive at the age of eighteen years, and in case she should not live to that age that he should reconvey the same to plaintiff." Such may have been appellant's intention. If it was, his intention evidently was defeated by the execution and delivery of the deed. By the deed in question, the title did not, as supposed, pass to Eli Annis in trust, but passed by the conveyance directly to the child, and the title vested by the execution and delivery of the deed for record. There is no question of execution and delivery. The execution is alleged in the complaint, and also that the deed was delivered to Eli Annis for the purpose of having it recorded.

In determining the sufficiency of the complaint, the first inquiry would seem to be whether a father can, by deed direct, make a legal conveyance to an infant child so as to vest the title without creating a trust or the intervention of a trustee. That such a conveyance can be so made is well settled by numerous authorities. Co. Litt. 2$b$, 3$b$. In 3 Washb. Real Prop. (4th ed.) 267, it is said: "The capacity to take as grantee is much less restricted than that required to make a grant. Persons *non compotes mentis*, married women, infants, corporations and bodies politic may take as grantees." See, also, *Bank v. Bellis*, 10 Cush. 278; *Masterson v. Cheek*, 23 Ill. 75.

The conveyance to the infant is full, clear and unequivocal. The intention of the grantor to divest himself of all interest in the property is manifest. There was no reservation, no language from which a resulting trust for his own benefit could be inferred in the event of the death of either the infant or Eli Annis. The child took the full and complete legal title, the grandfather took no title. What he took under the deed was the beneficial use of the property for the payment of taxes until the child should be

eighteen years old. The allegation in the complaint is directly contradictory of the plain legal effect of the deed. In order to recover under the complaint, plaintiff would have to annul and abrogate his deliberate act in making the conveyance, and having the same placed of record, on the allegation that he did not intend to do what he deliberately did do. Deeds absolute on their face, and of record for years, cannot be overthrown on the allegation of the grantor, in a suit to recover the property, that he did not intend to do what he unquestionably did do. There are many cases in the books where the grantor has been allowed to show by parol his intention in reserving a resulting trust to himself, but an examination of them will show that, in every instance, parol evidence was limited to the inquiry of the completion of the conveyance by the delivery or record of the deed to render it operative as a conveyance, and the grantor has been allowed to show nondelivery of the deed, or an intention to retain its possession to defeat its operation; but I can find no case where the grantor was allowed to assert by parol an intention prior to or at the time of the conveyance contradicting his intentions as expressed in the deed and abrogating it. Several cases have arisen where the father purchased and paid for land, and took the title in the name of the children, and the question was whether there was a resulting trust to the father, or whether it was an advancement to the children, and the grantor was made to show by clear and satisfactory evidence that it was intended as a trust and not intended as an advancement. But where the father having the title in himself conveys directly to a child, no case can be found where he was allowed by parol to show that he intended a resulting trust to himself.

In *Souverbye v. Arden*, 1 Johns. Ch. 240, Chancellor Kent said: "A voluntary settlement, fairly made, is always binding in equity upon the grantor, unless there be clear and decisive proof that he never parted nor intended to part with the possession of the deed; and even if he retains it

the weight of authority is decidedly in favor of its validity, unless there be other circumstances besides the mere fact of his retaining it to show that it was not intended to be absolute."

In *Cecil v. Beaver*, 28 Iowa, 246, Dillon, C. J., said: "Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the lands conveyed will pass thereby."

See, also, *Robinson v. Gould*, 26 Iowa, 92; *Mitchell v. Ryan*, 3 Ohio St. 377; *Masterson v. Cheek*, 23 Ill. 72.

In *Rivard v. Walker*, 39 Ill. 413, the grantor conveyed his property to his infant children to prevent its being squandered by the wife, and delivered the deed without reservation for record. Afterwards the wife procured a divorce, and the grantor filed a bill praying that the deed might be set aside, and alleging that he had never delivered it. The court held that, in the case of infant children, a filing for record was a delivery, and denied the relief asked, and said: "By directing the deed to be recorded, and by its record, he gave to the public the most solemn assurances in his power that he had transferred his title to his children, and he cannot be permitted to resume it at pleasure because he may have afterwards been inclined to regret the act."

It follows that, under the allegations contained in the complaint, the court could not grant the relief asked in this case,— viz., that it be adjudged and decreed " that plaintiff is the owner in fee-simple of the real property hereinbefore described; *second,* that the said claim of the defendant, as administratrix of the estate of Erma E. Annis, deceased, is without foundation or merit; *third,* that the said defendant, as said administratrix, be restrained and enjoined from any proceeding to subject the said real property to the payment of the debts of the said Erma E. Annis, deceased, and from in any way interfering with plaintiff's title therein." It is apparent that the relief sought in the premises is pred-

icated upon the theory that the plaintiff, by the operation of a resulting trust and the death of the child, is reinvested with the title to the property. That, in my view of the case, not being the fact, and the legal title having passed upon the death of the child to her heirs, it is unnecessary to consider what, if any, relief plaintiff might be entitled to in a proper case, growing out of the fact of the reconveyance to him by quitclaim deed of whatever beneficial interest or use Eli Annis had by virtue of the former conveyance. What interest he took, if any, by such conveyance, I do not attempt to determine. That he did not take the legal title in fee is clear; hence, the complaint proceeding entirely upon that supposition, the demurrer was properly sustained. Without being understood as deciding that plaintiff is not entitled to some relief in the premises on proper proceedings, as heirs of the child or grantee of Eli Annis, I am of the opinion that the judgment of the court below should be affirmed.

BISSELL, C., concurs.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT did not participate in the foregoing decision, having tried the cause below.