[Nos. 5336, 5337.]
[Nos. 2979, 2980 C. A.]

## MacKenzie v. Porter (two cases).

**1. Practice in Civil Actions—Landlord and Tenant—Joinder of Actions—Rent and Unlawful Detainer.**

The action of unlawful detainer is not a common-law action, but is purely statutory, and, in the absence of statutory provisions therefor, a demand for damages or rent cannot be joined in an action for possession of the premises.—P. 343.

**2. Same—Judgments—Actions Barred.**

Section 1973, par. 3, Mills' Ann. Stats., provides that any tenant shall be deemed guilty of an unlawful detention of real property who shall hold over, and continue in possession of, the demised premises, after the expiration of the term of occupancy. Section 1984 provides for the recovery of rent in an action commenced under paragraph 4 of section 1973, but in no other class of cases. Section 1995 provides for the recovery in "a separate action" of treble damages for any injuries sustained by the plaintiff while deprived of possession. Held, that, although section 2644 provides that each party shall bring forward all demands existing at the time of bringing an action in a justice court which can be consolidated, and, upon failure so to do, shall be debarred from afterwards suing for any such demand, a landlord is not barred from bringing an action for rent, which was due, at the time of bringing an action of unlawful detainer for the premises under section 1973, paragraph 3, supra.—P. 343.

**3. Bonds—Defective Appeal Bond—Liability of Sureties—Common-Law Bond.**

Although an appeal bond is defective as a statutory bond to effect the purpose of the appeal, still it is valid as against both principal and sureties as a voluntary common-law bond entered into for a sufficient consideration.—P. 343.

**4. Practice in Civil Actions—Justices of the Peace.**

An action against a tenant to recover rent accruing from the termination of the tenancy to the date of an action for possession of the premises cannot be united in either a justice court, or in the county court on appeal, with an action against the tenant and his sureties on an appeal bond.—P. 344.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Two separate actions by Henry M. Porter against A. MacKenzie. From a judgment for plaintiff in each case, defendant appeals. Consolidated for hearing in this court.            *Affirmed.*

Mr. John T. Bottom, for appellant.

Messrs. Benedict & Phelps, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

By stipulation two causes have been consolidated in this court.

Appellant and appellee sustained the relation of tenant and landlord, respectively.

The tenant held over after service of statutory notice terminating the tenancy.

The landlord had judgment for possession of the premises, in a justice court, in an action brought under paragraph 3 of section 1973, Mills' Ann. Stats., which is:

"Any person shall be deemed and held guilty of an unlawful detention of real property in the following cases.   *   *   *

"(3) When any lessee, or tenant, at will, or by sufferance or for any part of a year, or for one or more years, of any real property, including a specific or undivided portion of a building, or dwelling, shall hold over, and continue in possession of, the demised premises, or any portion thereof, after the expiration of the term for which the same were leased, or after such tenancy, at will or sufferance, has been terminated by either party."

An attempt was made by the tenant to perfect an appeal from this judgment to the county court,

which proved unsuccessful by reason of a defect in the statutory additional undertaking required. The appeal was dismissed in the county court on the motion of the landlord, and the tenant vacated the premises.

Thereafter the landlord commenced two suits in a justice court: one against the tenant, to recover three months' rent of the premises covering the period from the date of the termination of the tenancy to the date when the action for possession was commenced; the other against the tenant and his sureties on the additional undertaking on appeal to the county court, to recover damages for withholding possession of the premises pending the appeal to the county court from the judgment for possession.

In the first case judgment went for the landlord against the tenant for the amount of the demand. In the second, the justice dismissed as to the sureties and gave judgment against the tenant for one and one-half months' rent, the period of time which elapsed between the rendition of the judgment for possession in the justice court and the dismissal of the appeal in the county court.

From these judgments the tenant appealed to the county court, where the appeals were consolidated and a trial to the court without a jury, upon an agreed statement of facts, resulted in judgments against the tenant, to reverse which these appeals were prosecuted to the court of appeals.

The tenant insists, that the landlord is barred from recovering any judgment against him for rent which had accrued prior to the commencement of the original suit for possession, as he did not join in such suit a demand for the rent, by reason of § 2644, Mills' Ann. Stats., which provides:

"In all suits which shall be commenced before a justice of the peace, each party shall bring forward

all his or her demands against the other, existing at the time of commencing the suit, which are of such a nature as to be consolidated into one action or defense, and on refusing or neglecting to do the same, shall forever be debarred from the privilege of suing for any debt or demand.''

The action of unlawful detainer is not a common-law action, but is purely statutory, and, in the absence of statutory provisions therefor, a demand for damages or rent cannot be joined in an action for possession of the premises.—*Schumick v. Thompson,* 25 Ill. App. 619; *Ow v. Wickham,* 38 Kan. 225.

Under our statute, § 1984, Mills' Ann. Stats., provision is made for the recovery of rent in an action commenced under paragraph four of section 1973, but in no other class of cases. The action here involved was under paragraph three of section 1973.

Section 1995, Mills' Ann. Stats., provides for the recovery, *in a separate action,* of treble damages for any damages or injuries sustained by the plaintiff during the time he shall have been deprived of the possession of the premises.

Under the above provisions of the statute the position of the tenant upon this proposition is untenable.

The tenant also contends that as to the judgment rendered against him on the defective appeal bond, the landlord is estopped to maintain suit thereon for the reason that he, the landlord, brought about a decision to the effect that the bond was void.

An inspection of the bond upon which the judgment was rendered, leads to the conclusion that the court erred in dismissing as to the sureties thereon. The landlord is not complaining of this error and the tenant is in no position to do so.

If we assume that the bond was defective as a

statutory bond to effect the purpose for which it was intended, to wit, to perfect an appeal from the judgment for possession, it certainly was valid as against both principal and sureties as a voluntary common-law bond entered into for a sufficient consideration. —*Smith v. Stubbs,* 16 Colo. App. 130; *D. G. Co. v. Livingstone, Idem.* 257.

This contention of appellant is also without merit.

The two causes of action upon which judgments were rendered below, here consolidated, were separate and distinct and against different parties in different interests.   They could not have been united in a justice court nor in the county court.

There is no error of which appellant can complain in the record of either cause, for which reason the two judgments will be affirmed.   *Affirmed.*

CHIEF JUSTICE STEELE and MR. JUSTICE CASWELL concurring.