[No. 5564.]
[No. 3242 C. A.]

## TYLER v. McKENZIE.

1. **Forcible Entry and Detainer—Questions to be Determined.**

Under our forcible entry and detainer act (chap. 53, Mills' Ann. Stats.), except as provided in subd. 4, § 1973, the only question to be determined in an action for unlawful detainer is the right to possession of the premises, and no demand for damages or rent can be joined in such action.—P. 237.

2. **Forcible Entry and Detainer—Defects in Process and Service —Appearance—Waiver.**

Where a complaint sufficiently states a cause of action under subd. 3, § 1973, Mills' Ann. Stats. (forcible entry and detainer act), although containing claims for rent and damages, matters not triable therein, defendant, by appearing and answering, waives defects in the summons and service caused by a failure to comply with sections 1980, 1991; and his misapprehension as to the character of the action cannot be availed of to change the well-settled rule that an actual appearance always cures a defective service of a summons, when, except for such defect, the court would have jurisdiction of the person and subject-matter.—P. 237.

3. **Practice in Civil Actions—Instructions—Oral—When Error.**
    It is reversible error for the court to instruct the jury orally over the objection of counsel.—P. 238.

*Error to the County Court of Pitkin County.*
*Hon. Henry C. Ryers, Judge.*

Action by L. N. McKenzie against Rose Tyler. From a judgment for plaintiff, defendant brings error.     *Reversed and remanded.*

Mr. THOMAS A. RUCKER, for plaintiff in error.

No appearance for defendant in error.

This action was commenced by defendant in error (plaintiff below) against plaintiff in error (defendant below) in the county court of Pitkin county, by filing a complaint averring facts sufficient to constitute a cause of action, under subdivision 3 of section 1973 of the forcible entry and detainer statute, and in addition claims for damages and unpaid rent. The summons was issued and served by an attorney. Counsel for defendant, supposing from the averments and prayer of the complaint and the substance and manner of the service of the summons, that the action was brought under the provision of chapter 23 of the Civil Code, appeared and filed an answer, denying the allegations of the complaint upon which plaintiff predicated her right to recover possession of the premises in controversy and her right to recover for rent and damages; and for a further answer and defense averred that defendant entered into possession of the premises under an agreement with the plaintiff for their use and occupancy for a term not exceeding one year, and alleged a violation of said agreement by the plaintiff to her damage in the sum of one hundred dollars. Plaintiff filed a replication, denying the allegations of new matter contained in the answer. When the cause came on

for trial, both parties appearing, the court of its own motion announced that the case would be tried under the statute relating to forcible entry and detainer; whereupon defendant objected to proceeding under the statute, and moved to dismiss the action on the ground that the court was without jurisdiction to entertain such proceeding, for the reason that the plaintiff had not complied with the mandatory provisions of the statute in bringing the action. The court overruled the motion, and ordered the parties to proceed with the trial. Defendant demanded a jury, and was required to deposit twenty dollars for jury fee and costs. Upon the close of the testimony the court declined to give the written instructions asked by either party, and against the objection of both parties said to the jury:

"The tenancy proved by the testimony in this case is one from month to month and terminable on ten days' notice. Defendant is guilty of unlawful detainer of the premises involved, from and after December 5, 1904. She owes plaintiff rent upon same from November 5, 1904, at $25.00 per month, less whatever sum within the limit of $100.00 that you may find she has been damaged by failure of plaintiff to live up to her contract as to the terms of defendant's occupancy thereof. Insert the amount of such damage found at the blank space following the last $-mark in this form of verdict."

The court refused to allow counsel to argue any question before the jury except the question of damages. The jury returned a verdict in conformity with the instruction.

Both parties objected to the court's receiving the verdict, and gave notice of motion for a new trial. Motion for new trial was overruled, and thereupon the following judgment was rendered:

"Whereupon,. it is by the court considered, ordered, adjudged and decreed that defendant is guilty of unlawful detainer of the premises in question substantially as charged in the complaint herein; that plaintiff have restitution of possession of the same; and that plaintiff do have and recover of defendant herein her costs, to be taxed.  *  *  * It is further ordered and adjudged that the verdict of the jury heretofore recorded is approved by the court; and the recording of same is hereby approved and affirmed."

The defendant brings the case here on error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

1. Counsel for plaintiff in error insist that the court committed a fatal error in assuming jurisdiction to try the action under the statute relating to forcible entry and detainer, in the face of the record which shows a noncompliance with some of its essential requirements, relying upon the well-settled rule that, when the jurisdiction given by statute is clearly a summary one and the manner of obtaining such jurisdiction is prescribed by the statute, such provisions are mandatory and must be strictly followed, and the record must affirmatively show a compliance therewith.

It appears affirmatively from the record that the provisions of the statute in regard to the issuance and service of a summons were not complied with. These provisions require that "the court shall issue a summons,  *  *  * that it shall command the officer to whom it may be directed, to summons the person  *  *  *"—Section 1980, Mills' Ann. Stats.

"Service of summons issuing out of a court of record shall be made in the same manner, and with like effect as prescribed before justice courts, in sec-

tion 11 of this act,  *  *  *  Proof of such service
shall give the court jurisdiction of the person of the
defendant, and of the subject-matter of the suit.''—
Section 1991, Mills' Ann. Stats.

The following is the record entry in regard to
the return and service of the summons in this case:

''The original summons was never returned.
Counsel for both parties agreed at the trial that the
copy of summons in the files, from which this copy
is made, is what was actually delivered to defendant
by a person not an officer.''

Instead of the record, therefore, affirmatively
showing a compliance with the mandatory require-
ments of the statute in regard to the issuance and
service of the summons, it discloses that there was
no attempt to comply with them in any particular.

Under our statute, except as provided in subdi-
vision 4 of section 1973, the only question to be deter-
mined in an action for unlawful detainer is the right
to the possession of the premises, and no demand for
damages or rent can be joined in an action for such
possession.—*MacKenzie v. Porter,* 40 Colo. 340.

While it is manifest that such omissions, if
availed of in apt time, would have rendered any fur-
ther proceedings under the statute *coram non judice,*
yet since the complaint on its face sufficiently stated
a cause of action within the purview of subdivision 3
of section 1973 of the forcible entry and detainer act,
although it contained matters not triable in such
action, we are forced to the conclusion that by ap-
pearing and filing an answer the defendant cured the
defect in the issuance and service of the summons,
and his misapprehension as to the character of the
action cannot be availed of to change the well-settled
rule that an actual appearance always cures a de-
fective service of a summons, when, except for such

defect, the court would have jurisdiction of the person and the subject-matter of the suit.

We think, therefore, the court did not err in overruling defendant's motion to dismiss the action and in proceeding with the trial of the cause under the statute.

2. We think the error assigned upon the action of the court in instructing the jury orally and in invading the province of the jury in regard to the material facts that they were called upon to determine under the issues made by the pleadings, necessitates a reversal of the judgment.

That it constitutes reversible error for the court to instruct the jury orally over the objection of counsel has been repeatedly held by this court.—*Wettengel v. Denver*, 20 Colo. 552; *Lee v. Stahl*, 9 Colo. 208; *Crawford v. Brown*, 21 Colo. 272.

In the latter case the instructions were given orally by the judge, and taken down at the time by the stenographer, and it was there held that this was not a compliance with the statute.

As the judgment must be reversed for the reason last stated, it is unnecessary to notice the further assignments of error.

The judgment will be reversed, and the cause remanded.        *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.