## No. 13,792.

### BEMAN ET AL. *v.* ROCKY FORD NATIONAL BANK.
(65 P. [2d] 708)

Decided February 15, 1937. Rehearing denied March 8, 1937.

Mr. CHARLES E. SABIN, Mr. CLYDE T. DAVIS, for plaintiffs in error.

Mr. PERRY E. WILLIAMS, Mr. E. C. GLENN, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

To secure a pre-existing indebtedness the plaintiff in error Philip Beman, in 1932, gave to the defendant in error a deed of trust running to the public trustee on certain town lots in Rocky Ford, this deed of trust being a second lien thereon. In the spring of 1933, the defendant in error instituted foreclosure proceedings under the deed of trust and caused the property to be sold by the public trustee subject to the first lien. The redemption period expired on November 13, 1933, but the defendant in error did not take the deed until December 13, 1933. The plaintiffs in error, who were engaged in the garage and automobile business, continued in possession of the property and on July 14, 1934, the defendant in error, before a justice of the peace, instituted unlawful detainer proceedings under the statute against the plaintiffs in error to secure possession of the premises upon which it had foreclosed the deed of trust. The defendant in error in its complaint alleged that on or about November 13, 1933, the parties entered into an oral agreement whereby the premises mentioned were rented to the plaintiffs in error on a month to month basis with the right in the defendant in error to terminate the tenancy at the end of any monthly rental period; and that on June 27, 1934, the defendant in error by written notice terminated the tenancy and demanded possession of the premises as of July 13, 1934, which was refused. The plaintiffs in error filed an answer denying that the defendant in error was the owner of the premises, also denying the rental agreement and the allegations in the complaint that the plaintiffs in error were tenants of the defendant in error.

For a second and further defense, the plaintiffs in error allege that the foreclosure proceedings under which the defendant in error claimed, were void and of no force and effect.

As a third defense the plaintiffs in error allege that the defendant in error through its president agreed with the plaintiff in error Philip Beman that the cloud placed

upon the title by the public trustee's deed would be removed by the delivery of deed from the defendant in error to the said plaintiff in error, in consideration of which he was to pay the balance due on the promissory note secured by the original deed of trust and that the plaintiff in error Philip Beman had paid to the defendant in error $1,000 in the form of two checks for $500 each under this agreement.

As a fourth defense the plaintiffs in error allege that in January, 1934, the defendant in error agreed with the plaintiff in error Philip Beman that it would convey to him any and all interest it had in and to the premises, in consideration of which he was to pay to the defendant in error the balance due on the promissory note involved in the foreclosure proceedings and he had in fact paid the sum of $1,000 in two $500 checks under said arrangement, and later had tendered the additional sum of $1,700 to be applied on said indebtedness; and further alleges that he is willing to pay the balance due on the note secured by the deed of trust and reaffirms he is the owner of the premises described in the defendant in error's complaint.

Upon the filing of this answer the cause was certified to the district court on the theory that the title to the property was directly involved, and defendant in error filed its replication in that court. We deem it unnecessary to ascertain whether the answer does put the title in dispute. In its replication the defendant in error, generally and specifically, denied the allegation of new matter contained in the answer and admits receiving the two checks for $500 mentioned in the plaintiffs in error's answer, and alleges that the first of these was converted into a cashier's check and the second check has been held in its original form and no attempt made to cash it, which check was attached to the replication. The defendant in error further alleged that these checks were held by it to cover rent due from the plaintiffs in error from November 13, 1933, at the rate of $50 per month, until such

month to month lease should be terminated by the defendant in error and the plaintiffs in error vacate the premises.

The plaintiffs in error further plead that the contract alleged by the defendant in error was void under the statute of frauds because it was not in writing and by its terms could not be performed in one year from the making thereof.

The case was heard before the court without a jury and at the conclusion of the trial, at which both parties introduced extensive evidence supporting their respective contentions in detail, the court found all the issues tendered upon the pleadings in favor of the defendant in error and against the plaintiffs in error. The matter is here for review in that status.

 This is a typical case of conflicting evidence in which the testimony of one side is definitely opposed to the testimony of the other side, and in which respective counsel assert that the evidence of the opposing side is preposterous and unbelievable. The trial court had the benefit of seeing the witnesses, hearing them testify, and drawing proper inferences as to the weight to be accorded their testimony. Under these circumstances, this court has repeatedly held that it is bound by the findings of the trial court on disputed matters of fact, and we must, therefore, affirm the judgment of the trial court upon its determination of the issues that the relationship of the parties was that of tenant and landlord as contended by defendant in error, and that it was entitled to possession of the premises as prayed for in the complaint. Counsel for plaintiffs in error recognize the general rule just announced but contend that this case comes within the recognized exception arising where the finding of the trial court is manifestly against the weight of the evidence and an affirmance of such findings would result in a miscarriage of justice. In support of this theory they rely particularly upon the case of *Thuringer v. Trafton,* 58 Colo. 250, 254, which has been cited with approval by

this court many times. That case is easily distinguished from the one at bar in that there the original plaintiff was the only witness who testified to the point in controversy and her evidence conflicted with no other witness in this regard. Justice Garrigues in this connection, at page 255, said: "True, her evidence was conflicting, but the conflict was internal—within itself and not with that of any other witness, for no other witness testified on the subject, and the rule in regard to conflicting evidence does not apply in such a case." Citing, *Bachman v. People,* 8 Colo. 472, 9 Pac. 42; *Lawrence v. Weir,* 3 Colo. App. 401, 33 Pac. 646.

In the case of *Myers v. Hayden,* 82 Colo. 98, 107, 257 Pac. 351, also cited by the plaintiffs in error, there was substantially no conflict in the evidence, but such evidence as was given was wholly insufficient to support the judgment. The other cases cited are likewise distinguished from the case at bar.

The plaintiffs in error also contend that this proceeding was prematurely instituted because at the time of the filing of the complaint asking for possession of the property, the defendant in error admittedly had on hand the rental deposit made by plaintiffs in error which had not been exhausted. In view of the fact that the trial court found all of the issues in this proceeding in favor of the defendant in error, we believe this point untenable, since under the defendant in error's contention it had a right to terminate the tenancy at the end of any monthly rental period. As we have pointed out, the defendant in error claimed that the lease began on November 13, 1933, and ran to the 13th of each month thereafter until terminated by notice; that it was so terminated as of July 13, 1934, by the giving of statutory notice, and that plaintiffs in error refused to give up possession of the premises on that date. The trial court having found that this was the arrangement under which the plaintiffs in error held possession, the action filed on July 14, 1934, was obviously not commenced prematurely.

As has been stated, it is admitted by both parties that on January 30, 1934, the defendant in error received a check for $500 from the plaintiffs in error, which check was converted into a cashier's check for $499.48, which has since been held by the defendant in error, and on February 2, 1934, the plaintiffs in error delivered another check for $500 to the defendant in error, which latter check was never cashed, and, as we understand, was filed in the office of the clerk of the district court of Otero county with defendant in error's replication.

Apparently in an effort to dispose of all matters in controversy, the trial court, after finding—as has been stated—that the relation between the parties was that of landlord and tenant, included in its final decree a paragraph requiring the defendant in error to pay into the hands of the clerk of the district court all sums of money held by it as of July 13, 1934, and not then used up as rental at the rate of $50 per month from November 13, 1933, to said date last above mentioned, together with the uncashed check of the plaintiff in error Philip Beman in the sum of $500, all for the use and benefit of the plaintiffs in error.

We believe that the court was without authority to make disposition of this matter in the decree and that the rights of the parties with reference to this money cannot be determined in this proceeding. This action is one for unlawful detainer under the statute, and, except as provided in subdivision 4, section 6369, C. L. 1921, the only question to be determined in such a proceeding is the right of possession of the premises. *Tyler v. McKenzie,* 43 Colo. 233, 95 Pac. 943; *MacKenzie v. Porter,* 40 Colo. 340, 91 Pac. 916.

The instant proceeding was not commenced under subdivision 4, supra, and hence the judgment could not go beyond an adjudication of the right to possession as between the parties.

In view of the foregoing, the judgment of the district court is affirmed, except as to that part of the decree re-

lating to the disposition of the money and checks of the plaintiffs in error in the hands of the defendant in error hereinbefore mentioned, which is reversed with directions to vacate that part of the decree, without prejudice.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND concur.