No. 14,076.

Hendron et al. *v.* Bolander.
(74 P. [2d] 706)

Decided November 8, 1937.  Rehearing denied December 27, 1937.

Mr. GRANBY HILLYER, for plaintiffs in error.

Messrs. ALTER & UPTON, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

ON June 8, 1933, plaintiffs in error, who were defendants in the court below and will be so called here, delivered to the defendant in error, to whom we shall refer as plaintiff, their note in the principal sum of $2,280, by the terms of which payment was to be made ''in monthly installments of $65.00 each, or more at the option of the signers hereof.'' It also contained a provision ''that on failure to pay any installment of interest or principal when due, the holder hereof may declare the entire principal due and payable.'' To secure the payment of the note the defendants executed a deed of trust

running to the public trustee for the benefit of the plaintiff, covering certain property situate in the City and County of Denver, then and since in the possession of defendants. On November 9, 1934, claiming that defendants were in default on the monthly payments, plaintiff elected to declare the whole indebtedness due and in regular form demanded that the public trustee proceed to foreclose the deed of trust in accordance with the powers therein contained. Pursuant to this demand and after notice to defendants the public trustee proceeded with the foreclosure and in due course sale was had, at which the plaintiff was the successful bidder, his bid being for the full original amount of the promissory note, plus interest and foreclosure expenses. No redemption having been made, after the expiration of the statutory period, the public trustee regularly issued a deed for the premises to the plaintiff. Subsequently, and after making proper written demand, plaintiff under the statute instituted, in a justice of the peace court, the unlawful detainer suit against the defendants now before us, alleging that the property had been duly sold and plaintiff's title perfected under the power of sale contained in the deed of trust mentioned and that plaintiff was entitled to the possession thereof. The defendants admitted service of the demand for possession, denied the other allegations of the complaint and in what they designate as a second defense, assertedly by the authority of *Hamill v. Bank*, 22 Colo. 384 (45 Pac. 411), and subsequent cases following the rule therein announced, pleaded certain matters of an equitable character designed to show that they were entitled to retain possession in that the property had not been properly sold or the title under such sale duly perfected. On the filing of this answer in the justice court the cause was certified to the district court where an amended answer was filed by the defendants.

The second and further defense in the amended answer admitted the execution of the note and deed of trust men-

tioned and, as a matter of defense, alleged that at the time of the purported foreclosure of said deed of trust the defendants had made all payments due the plaintiff under the terms of said promissory note and that no default of any kind whatever had occurred in any of the terms and conditions of the note or trust deed given to secure its payment. It was further alleged that the property was sold at foreclosure sale for the full amount of the note plus interest and foreclosure expenses without crediting said alleged payments, whereby it is claimed that defendants are equitably entitled to remain in possession of the property until a valid and legal title under foreclosure of said deed of trust shall have vested in plaintiff. The defendants also prayed for an accounting and asked that the public trustee's deed be declared void.

Clearly a judgment in a forcible detainer suit cannot go beyond an adjudication of the right to possession as between the parties, except when suit is brought under subdivision 4, section 4, chapter 70, '35 C. S. A., which this one is not, and no relief by way of accounting or for the cancellation of the deed under any circumstances could be granted to the defendants in the instant proceeding. *Beman v. Bank*, 100 Colo. 64, 65 P. (2d) 708; *Tyler v. McKenzie*, 43 Colo. 233, 95 Pac. 943.

Upon the trial and after the conclusion of the plaintiff's case which established prima facie his right to possession, the defendants made an offer of proof to establish the alleged lack of title in plaintiff and in support of their second and further defense upon the premise that they were not in default in the payment of monthly installments required by the note at the time demand for foreclosure was made on the public trustee. By the tender defendants also offered to show that no notice of any election on the part of the plaintiff to declare the entire amount of the note due, was given the defendants. Objection to the offer was sustained and no other evidence was introduced or offered by defendants. In the tender of proof the alleged payments were itemized as

to date and amount, the first payment being said to have been made on July 8, 1933, and the last on August 28, 1934, which payments totalled $992.50. Under the terms of the deed of trust, the required payments being $65 per month, there would have been due on the installment payments prior to November 9, 1934, the date demand for foreclosure was made, the sum of $1105.

■ Thus it will be observed that even if the sufficiency of the answer as raising an equitable defense is conceded, which we do not determine, the tender of evidence failed to show that the defendants were not in default in the monthly payments when the demand for foreclosure was made and in fact affirmatively established that they were in arrears in excess of $100 at said time. Obviously the tendered proof did not support the alleged equitable defense, and the trial court was right in rejecting the offer and entering judgment for the plaintiff.

■ In the defendants' reply brief it is suggested that since the tender of proof showed the alleged payments were made in odd amounts and upon different dates than the actual maturity dates of the installments under the terms of the note, which it is argued is indicative of an arrangement for a different payment of the installments than the note originally contemplated, plaintiff is estopped from declaring a default upon the failure to meet the payments at the times provided by the note. Waiver or estoppel was not pleaded or suggested by the answer, nor was there embraced in the offer any proof whatsoever of any agreement of the character suggested between the parties. Under this state of the record this theory is not available to defendants.

■ ■ There is likewise no merit to the defendants' contention that plaintiff was obligated to notify defendants of his election to declare the whole amount of the note due for default in the installment payments. The holder of such a note need not give the makers notice

of his election to accelerate the maturity upon default unless there is some provision in the note therefor, of which the note here is devoid. In the absence of such a provision the commencement of foreclosure proceedings and notice thereof from the public trustee, as was admittedly given in the case at bar, is sufficient. 8 C. J., p. 417, §611; *Washburn v. Williams,* 10 Colo. App. 153, 50 Pac. 223.

Neither was the foreclosure sale rendered invalid by the fact, if it be a fact, that it was made to satisfy an excessive claim. *Savings & L. Soc. v. Burnett,* 106 Cal. 514, 39 Pac. 922; *Butterfield v. Farnham,* 19 Minn. 85. The debtor's relief in such case lies in some other action or proceeding.

The judgment is affirmed.

Mr. Chief Justice Burke, Mr. Justice Bouck and Mr. Justice Young concur.