## No. 15,174.

CHAMPION *v.* CHAMPION ET AL.

(132 P. [2d] 185)

Decided November 9, 1942.

Mr. EARL J. HOWER, for plaintiff in error.

Mr. CECIL R. DITSCH, Mr. HORATIO S. RAMSEY, for defendants in error.

154

*En Banc.*

Per Curiam.

A suit by plaintiff in error against his minor daughter to establish his right of ownership, and have reconveyed to him, real estate, to which he alleged his daughter held title as a "resulting trustee" for him. The other defendant in error was made a party because of his official position, and is not interested. The suit failed.

It appears from the testimony of plaintiff in error, and the trial court based its adverse finding and judgment solely thereon, that November 9, 1939, proceeding without the knowledge of his daughter, and evidencing his act by warranty deed absolute in form and beneficial in effect, he conveyed the property to her and on the same day caused the deed to be recorded; that from "five to ten days" thereafter, as he testified, "I notified Lemuel of what I had done and told her it would be mine and that I have it the same as I did before, she would have no control over it except if anything happened to me she would inherit it"; that he made the deed, as he further testified, "because I was having quite a bit of trouble with Mrs. Champion." There was no evidence that the daughter (assuming that as a minor she was competent to promise or agree to anything in the premises) acquiesced in the post statements of plaintiff in error, or that prior to the conveyance, at the time thereof, or thereafter, or at all, the daughter said or indicated that she would receive, had received, or would hold or was holding title to the property in trust for her father, or that in any manner whatever she had induced him to make conveyance thereof. The sum of her offending is, that she declined to yield the status which the voluntary and unsolicitated act of her father had legally created for her in relation to the property.

In an opinion written by Mr. Commissioner Reed in *Annis v. Wilson*, 15 Colo. 236, 25 Pac. 304, adopted

by us, and where the precise question involved here was presented, it was said: "The conveyance to the infant is full, clear and unequivocal. The intention of the grantor to divest himself of all interest in the property is manifest. There was no reservation, no language from which a resulting trust for his own benefit could be inferred. * * * The allegation in the complaint is directly contradictory of the plain legal effect of the deed. In order to recover under the complaint, plaintiff would have to annul and abrogate his deliberate act in making the conveyance, and having the same placed of record, on the allegation that he did not intend to do what he deliberately did do. * * * There are many cases in the books where the grantor has been allowed to show by parol his intention in reserving a resulting trust to himself, but an examination of them will show that, in every instance, parol evidence was limited to the inquiry of the completion of the conveyance by the delivery or record of the deed to render it operative as a conveyance, and the grantor has been allowed to show non-delivery of the deed, or an intention to retain its possession to defeat its operation; but I can find no case where the grantor was allowed to assert by parol an intention prior to or at the time of the conveyance contradicting his intentions as expressed in the deed and abrogating it. Several cases have arisen where the father purchased and paid for land, and took the title in the name of the children, and the question was whether there was a resulting trust to the father, or whether it was an advancement to the children, and the grantor was made to show by clear and satisfactory evidence that it was intended as a trust and not intended as an advancement. But where the father having the title in himself conveys directly to a child, no case can be found where he was allowed by parol to show that he intended a resulting trust to himself." "Where the owner of property transfers it without declaring any trust, the transferee does not hold the prop-

erty upon a resulting trust although the transfer is gratuitous." Restatement of the Law—Trusts, §405. In the Colorado annotations to that section, *Annis v. Wilson, supra,* is cited.

 In the same case, addressing himself to the question of whether there had been delivery of the deed, said to have failed here, the Commissioner quoted with approval the following language from *Cecil v. Beaver,* 28 Ia. 241, 246: "Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the lands conveyed will pass thereby." Also, from *Rivard v. Walker,* 39 Ill. 413, the following: "By directing the deed to be recorded, and by its record, he gave to the public the most solemn assurances in his power that he had transferred his title to his children, and he cannot be permitted to resume it at pleasure, because he may have afterward inclined to regret his act."

 The record discloses that September 20, 1941, the case, being at issue, was set for trial for October 16, 1941; that October 6, 1941, counsel for plaintiff in error withdrew their appearance; that October 14, 1941, the case was continued to November 4, 1941; that October 25, 1941, other counsel employed by plaintiff in error withdrew; that November 4, 1941, when, pursuant to its setting already stated, the case was called for trial, defendants in error and their counsel were present, ready and demanding that the trial proceed, and plaintiff in error, also present, but without counsel, addressed the court in his own behalf, saying: "It is impossible for me to have an attorney at this time. I can arrange for one a little later. However, I would like to go through the high lights of the case, the surroundings, at this time, if the court will permit." The court, construing the suggestion as an oral motion for continuance, and mentioning that plaintiff in error had been given several continuances over objections of defendants in error,

denied further postponement. Plaintiff in error was then sworn and testified. The substance of his testimony, so far as material to the issue, has been stated. We do not believe that lack of counsel operated to plaintiff in error's disadvantage. His own story, told capably and no doubt truthfully, disclosed a state of facts which concluded him. He had voluntarily conveyed the property to his daughter in such manner that only through like generosity on her part could he hope to regain it. That withheld, counsel would have been quite as impotent as himself. We are powerless, as was the trial court, to work extrication.

The judgment is affirmed.

Mr. JUSTICE GOUDY does not participate.