**VAN DREAL v. VAN DREAL.**

No. 4777.

United States Court of Appeals, Tenth Circuit.

July 9, 1954.

Richard H. Simon, Englewood, Colo., for appellant.

Vincent Cristiano, Denver, Colo. (Robert Bugdanowitz, Denver, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Garrit Van Dreal brought this action against his son, Ira Arie Van Dreal, to recover $5,000 which he alleged was due him from a loan. The son admitted the receipt of the money, but contended that the money was delivered to him as a gift and, further, that after a disagreement with his father, the money was returned. The case was tried to the court without a jury, and judgment was entered in favor of the plaintiff for the amount sued for, with interest and costs.

In the trial of the case two issues were presented. First, whether the delivery was an absolute gift and, second, whether the money was returned to the plaintiff by the defendant. The trial court found that the transaction was not a gift but a loan, to be evidenced by a promissory note and secured by Deed of Trust on a house which the defendant was building in Arapahoe County, Colorado. The court also found that the loan was unpaid. The plaintiff testified unequivocally that the money was delivered to the defendant in cash as a loan which was to be payable on demand; that the defendant had agreed to execute a note for the amount of the loan secured by a Deed of Trust on the aforesaid house; that the defendant had not executed a note and Deed of Trust and had refused to pay the loan upon demand. The evidence of the defendant was to the effect that the $5,000 was obtained under some sort of an agreement that the defendant was to take care of the plaintiff for the rest of his life. At one place in his testimony, the defendant referred to the amount as, "The money which I owed him". He also testified that after a quarrel with his father, he returned the money to him. No useful purpose would be served by a further discussion of the evidence, or to point out that there was other evidence and discrepancies in the testimony of the defendant which support the holding that the defendant received the money as a loan, and that it was not repaid.

[1] The record presents a typical case of conflicting evidence. It was the duty of the trial court, which had the opportunity to hear and observe the witnesses, to resolve that conflict. The findings of the trial court in favor of the plaintiff were supported by substantial evidence and are not clearly erroneous, and therefore are binding upon this court. Federal Rules of Civil Procedure, 28 U.S.C.A., rule 52(a); Holton v. Reed, 10 Cir., 193 F.2d 390; Payne v. Pray, 10 Cir., 173 F.2d 149; Putts v. Commercial Standard Insurance Company, 10 Cir., 173 F.2d 153; Beman v. Rocky Ford National Bank, 100 Colo. 64, 65 P.2d 708.

The defendant contends that the delivery of the money in question by a father to his son creates a legal presumption that it was a gift, and that this presumption may be overcome only when the contrary has been shown by definite, reliable and convincing proof which leaves no reasonable doubt as to the intention of the parties. 39 Am.Jur. Parent and Child, Sec. 97; Fister v. Fister, 122 Colo. 432, 222 P.2d 620; Howard v. Barrett, 101 Colo. 249, 72 P.2d 474; Champion v. Champion, 110 Colo. 153, 132 P.2d 185.

In view of the defendant's own evidence that the money was delivered, not as a gift, but under an agreement between the parties, the above rule does not apply. In any event, we think the evidence was sufficient to meet the requirements of the rule.

Judgment affirmed.