DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF NEVADA,

## DURING THE YEAR 1868.

---

- ## THOMAS McMANUS, Respondent, *v.* THE OPHIR SILVER MINING COMPANY *et al.*, Appellants.

SUFFICIENCY OF COMPLAINT. Where a complaint for work, labor and services alleged an indebtedness in a sum certain therefor, but omitted to allege specifically the value of the same or a promise to pay; and defendant, without demurring, put in an answer denying indebtedness, admitting services performed, and setting up payment in full, and there was verdict for plaintiff: *Held*, that whatever the defects of the complaint, they were cured by defendant's pleading and by the verdict.

WAIVER OF FORMAL OBJECTIONS. All mere formal objections to a complaint are waived by a plea of confession and avoidance.

CURED BY VERDICT. If the issue joined be such as necessarily to require on the trial proof of a fact defectively or imperfectly stated, without which it is not to be presumed the judge would direct the jury to give, or the jury would have given the verdict, such defect or imperfection is cured by the verdict.

CONSTRUCTION OF PLEADINGS. Sections 70 and 71 of the Practice Act have liberalized the rules of construction applicable to pleadings so as not only to embrace the whole of the English statutes of *jeofails* and amendments, but to go somewhat beyond.

APPEAL from the District Court of the First Judicial District, Storey County.

The question involved is fully stated, in the opinion of the Court.

*Hillyer and Whitman*, for Appellants.

*Pitzer and Anderson*, for Respondent.

By the Court, JOHNSON, J.

The complaint alleges that the defendants, owners of a certain toll road, " are indebted to plaintiff for the work, labor and services of the plaintiff, performed at the request of the defendants and for their benefit, on the improvement and repairing of said road, from the first day of November, 1866, to the thirty-first day of July, 1867, in the sum of seven hundred and fifty dollars, for which sum, with the costs of suit, the plaintiff demands judgment."

Defendants' answer " denies that they are indebted to the plaintiff either for work, labor or services, or otherwise, in the sum of seven hundred and fifty dollars, or any sum whatever; but admits that during the period mentioned in said complaint the plaintiff did perform services for them, but avers that for said services they, the said defendants, before the commencement of this action paid the plaintiff in full." Upon the issue made by the pleadings, a jury trial was had, and verdict found for plaintiff in the full amount claimed; whereupon defendants moved in arrest of judgment, on the grounds that " the complaint does not state facts sufficient to constitute a cause of action, and is not sufficient to support any judgment." This motion was overruled and judgment given for plaintiff in accordance with the findings of the jury, from which ruling, and the judgment, defendants appeal.

The point, viz : that the complaint does not state facts sufficient to constitute a cause of action, is the single question suggested on this appeal, and had it been raised by demurrer we would probably hold the complaint insufficient, although a pleading very similar to this has been upheld by the very highest authority, both at common law and under the code. As cases which are directly in point we refer to *Emery* v. *Fell* (2 Term Rep. 28). An action of debt. The first count in the declaration stated that " the defendant on, etc., was indebted to the plaintiff in the sum of £2 12s. 6d., for divers goods, wares and merchandises by the plaintiff

before that time sold and delivered to the defendant at his special instance and request." There were other counts for work and labor, money paid, laid out and expended, and money had and received in the same form.

To this declaration there was a special demurrer, assigning among others, that " the several supposed contracts, on which the said debt above demanded is alleged to have arisen, are not, nor is either of them sufficiently, or in any manner stated or set forth in the said declaration." The Court, in giving judgment against the demurrer, says : " As to the objection that no contract is stated in the declaration, the words ' sold and delivered ' imply a contract, for there cannot be a sale unless two parties agree. This would be sufficient on an *indebitatus* or for money lent."

Again, in the case of *Allen* v. *Patterson* (3 Selden, 7 N. Y. 476) on demurrer to a complaint, as follows: " The plaintiffs complain against the defendant, for that the defendant is indebted to the plaintiffs in the sum of three hundred and seventy-one dollars and one cent, for goods sold and delivered by the plaintiffs to the defendant, at his request, on the first day of May, 1849, at the city of Buffalo in said county * * * for which sum the plaintiffs demand judgment against the defendant, with interest from the twentieth day of October, 1849, besides costs." The Court of Appeals, in sustaining the action of the lower Court, overruling the demurrer, and giving judgment for plaintiffs, says: " The words, that the defendant is indebted to the plaintiffs in the sum of $371.01 for goods sold and delivered by them to him, at his request, on the first day of May, 1849, and that there was then due to the plaintiffs from the defendant said sum, clearly imply that a contract had been made between the plaintiffs and defendant, by which the former sold and delivered to the latter goods at his request, for which he promised to pay to the plaintiffs the sum of $371.01; and that the period when the same was promised had expired." " It contains every statement of fact necessary to constitute a good *indebitatus* count in debt, according to the mode of pleading before the code." The same Court held similarly, in the later case of *Moffet* v. *Sackett*, (18 N. Y. 522).

In the case at bar no demurrer was interposed, but the defense rests upon an answer pleading payment, which is in effect a plea of confession and avoidance ; and by this plea or answer all mere formal objections to the complaint were waived.   The defendants, by the mode of defense they adopted, must be held to an admission of the direct averments of the complaint, and such as the law implies from the matters therein expressly stated, with the exception of the allegation of indebtedness, which is met by the plea of payment.

We think the defects of the complaint are of such a character as to be cured by the defendants' pleadings and by the verdict. Nor are our conclusions in this respect unaided by authority. " There are many cases," says Chitty, " in which it has been held that where a particular fact has been informally alleged, and the opposite party in pleading over admits the particular fact, either by pleading to some other matter alleged in the defective pleading or by pleading in confession and avoidance of the matters so informally alleged, the defect will be aided by the admission resulting and to be collected from such subsequent pleading." .(1 Chitt. Plead. 672.)   And in respect to the statement of the consideration, and what defects will be aided by intendment after verdict, Peters, J., in *Hendrick* v. *Seeley* (6 Conn. 179–80) deduces from Chitty the following rules : that " where no consideration, or an insufficient or illegal consideration is stated, the defendant may either demur, or move in arrest of judgment, or support a writ of error ; but after verdict, a defective, informal or uncertain statement of a consideration not apparently illegal may be aided ; and where the consideration is untruly stated, or a part thereof is omitted, the objection can only be taken on the trial as a ground of non-suit. * * * And after verdict, if the issue joined be such as necessarily to require on the trial proof of the facts defectively or imperfectly stated, or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict at common law.   In short, the Court will infer almost anything after verdict."

Such are the views of all the best elementary writers on com-

mon law pleading, and whatever may have been the influence of English statutes of *jeofails*, and amendments on more extreme rulings found in the books, it will be observed that Secs. 70 and 71 of our civil code have even further liberalized the rules of construction applicable to pleadings, not only embracing the whole of the English statutes of *jeofails* and amendments, but go somewhat beyond, and may perhaps aid cases which the earlier statutes could not reach.

Counsel for appellants refer to the case of *The California State Telegraph Co.* v. *Patterson* (1 Nev. 150) in aid of their appeal. No point decided in that case has any direct bearing upon this, and so far as any general proposition is stated in either of the opinions pronounced therein, they are opposed to the theory on which appellants rest their objections to the complaint in the case at bar. And so far as we can discover, the other authorities cited by appellants' counsel are not opposed to the action had in this case in the lower Court.

The statute before referred to, Sec. 71 of the Practice Act, provides that " the Court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect. " This," says Van Santvoord, " furnishes a single test in all cases, a broad and universal test, namely : that if the defect is such as in the opinion of the Court will not *affect the substantial rights of the adverse party*, no matter in what that defect shall consist, the judgment will not be reversed or affected thereby." " It is but applying to the action in its last stages the rule which the code designs to govern its commencement, and to regulate its proceedings throughout, namely : that the action is to be stated, tried and determined on its merits alone, and that the substantial rights of the parties, and they alone, are to be regarded as controlling the administration of justice under the form of law." (1 Van Santv. Plead. 834.)

Our conclusion is that there is no error shown in the proceedings in the District Court, and its judgment is therefore affirmed.