## CAMPBELL V. SHILAND.

1. CODE PLEADING — UNITING SEVERAL CAUSES OF ACTION IN THE SAME COUNT.— At common law the pleader might unite in one count several *indebitatus assumpsit* counts relating to the same subject-matter; and when the same course is pursued under the code, a general demurrer, when either count is good, must be overruled.

2. COMMON-LAW FORMS SUFFICIENT UNDER CODE AS TO ALLEGATIONS OF FACT.— A count in *indebitatus assumpsit,* framed substantially as required at common law, sufficiently complies with the code mandate as to allegations of fact.

*Appeal from District Court of Arapahoe County.*

Mr. J. W. VROOM, for appellant.

Mr. EDGAR CAYPLESS, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

It is conceded in the argument of this case that, upon motion to make the complaint more definite and certain, the court below ordered a bill of particulars to be filed. The record shows that thereupon a general demurrer challenging the sufficiency of the complaint was presented and overruled. From the order thus made the

present appeal was taken under the act of 1885, and the sole matter presented for adjudication may be resolved into the inquiry, Does the complaint state a cause of action?

The pleader evidently endeavored to unite in one count four or five of the common-law counts in *indebitatus assumpsit*, all of which, however, related to the same subject-matter. This course was allowable at common law, and, though hardly to be commended, is not obnoxious to a general demurrer under the present practice. A count in *indebitatus assumpsit*, framed substantially as required at common law, is now held to be a sufficient compliance with the code mandate as to allegations of fact. *Gale v. James*, 11 Colo. 540; *Allen v. Patterson*, 7 N. Y. 476; *McManus v. Mining Co.* 4 Nev. 15; *Grannis v. Hooker*, 29 Wis. 65; *Meagher v. Morgan*, 3 Kan. 372; *Wilkins v. Stidger*, 22 Cal. 232; *Ball v. Fulton Co.* 31 Ark. 379; Bliss, Code Pl. (2d ed.) §§ 298, 299.

This position is more easily reconciled with the underlying principle of code pleading, because of the provision (Civil Code, § 63) which excuses setting forth in the first instance the items of an account, requiring, however, the delivery of a copy thereof upon demand therefor. Bliss, Code Pl. § 299, *supra.*

If, therefore, in the present case, any one of the counts which plaintiff attempted to plead would be sufficient at common law, *so far as allegations of fact are concerned*, the complaint states a cause of action, and the demurrer was properly overruled.

Among other things, this pleading avers, substantially, that defendant is indebted to plaintiff for money paid, laid out and expended by plaintiff between December 6, 1879, and December 20, 1883, for the use and benefit of defendant, and at his special instance and request, in the sum of $11,476.07; that said sum is due, but defendant has not paid the same, nor any part thereof.

The complaint is not framed in the precise language

employed by common-law pleaders; nor does it allege the legal inference that defendant, by virtue of the premises, "promised," etc.; but it will be observed that no material averment *of fact* is wanting to constitute a good common-law declaration for "money expended."

Therefore, without analyzing or commenting upon the remaining portions of the pleading in question, we shall hold that the action of the court below in the premises was not error, and the judgment is accordingly affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided as district judge at the trial of this cause, did not participate in its consideration in this court