[No. 5308.]
[No. 2946 C. A.]

THE HENRY INVESTMENT COMPANY v. SEMONIAN.

Pleading—Complaint—Demurrer—Insufficiency.

While the method of pleading several distinct causes of actions separately in substantially the same form in one complaint, and each resembling the common-law common count in assumpsit, can hardly be commended, yet it is a sufficient compliance with our code, and cannot be demurred to on the grounds of insufficiency and ambiguity.—P. 270.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Armenag Semonian against The Henry Investment Company. From a judgment in favor of defendant, plaintiff appeals.    *Affirmed.*

Messrs. ALLEN & WEBSTER, for appellant.

Messrs. SKELTON & MORROW, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The complaint contains seventeen distinct causes of action separately stated, substantially the same in form, and each resembles the common-law common count in assumpsit. A demurrer thereto on the grounds of insufficiency and ambiguity was overruled, and the defendant stood by it, and judgment went for plaintiff on the merits. The only error argued concerns the ruling on the demurrer.

This manner of pleading under the code, though hardly to be commended, is not obnoxious thereto. In *Campbell v. Shiland,* 14 Colo. 491, it is held that: "A count in *indebitatus assumpsit,* framed substantially as required at common law, is now held to be a sufficient compliance with the code mandate as to allegations of fact." See, also, *Wilcox v. Jamieson,* 20 Colo. 158. There is no merit in this assignment.

There is another substantial reason for affirmance. The abstract shows that plaintiff was allowed to, and did, amend his original complaint against which this demurrer was aimed, but what the amendment was, the abstract does not show. It may have contained averments that entirely obviate the alleged uncertainties.

The judgment is affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.