Cunningham, J.
This case was previously in the court of appeals for review, the opinion then rendered appearing in the 16th Colo: Apps. at page 163. We quote the following from the very clear statement of facts then existing, made by the late Judge Wilson, who wrote the opinion.
“It appears from the complaint that the plaintiff company brought a suit in the United States circuit court in Colorado, against an insurance company, to recover upon a policy for loss by fire. The defendant herein was an attorney for the plaintiff in said suit. Judgment was against the plaintiff. Thereupon, it alleges that it employed the defendant to take the case for review to the United States *249 circuit court of appeals. That the defendant agreed so to do, and accepted such employment. The complaint further alleges that the defendant negligently failed to tender the bill of exceptions in the cause within the time allowed by the court, and negligently failed in any manner to sue out -a writ of error, or to prosecute an appeal therein, within the time fixed by law for that purpose, or at all, by reason of which plaintiff lost its right to have the cause reviewed by the appellate court. The plaintiff further claims and alleges that at the instance of defendant, it paid out the sum of $139 for costs for preparing a bill of exceptions, and that it also paid to defendant, at his special request, the further sum of $200, which he assured him was necessary to defray expenses of taking the case to the higher-court. Plaintiff thereupon prayed a judgment for damages suffered by it on account of the alleged negligence of the defendant, in an amount sufficient to cover the amount of the policy of insurance which it claimed it would and should have recovered, if the case had been reviewed^ by, the appellate court, and also costs, and the aforesaid sum of $139, and $200 paid to the defendant by plaintiff. Defendant demurred to the complaint on the single ground that it did not state facts sufficient to constitute a cause of action. The demurrer wa§ sustained, and the plaintiff, electing to stand upon its complaint, judgment was rendered in favor of defendant.”
It is only necessary to supplement - this statement by setting forth what has subsequently occurred, to-wit, that upon a re-trial of the cause, the district judge directed a verdict against plaintiff, and entered judgment thereon. The errors com *250 plained of on the second trial, and brought here for review, will appear in the opinion.
1. Assuming (because of the conflict in the evidence on that point) that defendant agreed with plaintiff to perfect and prosecute an appeal from the judgment of the federal court, defendant here contends that it would be necessary for plaintiff to establish by the evidence: (a) that had defendant perfected the appeal, the judgment of the federal court would have been reversed, and, (b) • the case being so reversed in the circuit court of appeals, the judgment, on a re-trial would have been favorable to plaintiff. Neither in brief or on oral argument has plaintiff taken issue with defendant on this point, and while no authorities have been called to our attention to sustain this rule, nor have we found any directly in point, the following cases tend to sustain the contention:
Pennington v. Yell, 11 Ark. 212; Harter v. Morris, 18 Ohio State, 492; Fitch v. Scott, 34 Am. Dec. 86. (See note p. 95.)
The conclusion reached by the. learned judges of thé federal and the district courts that plaintiff failed to make out a case against the insurance company, are supported by the opinion of the supreme court of California, in Parrish v. Rosebud M. & M. Co., reported in 74 Pac. 312, wherein a companion policy, held by appellant at the time of the destruction of its property, was involved. For us to hold that an appeal from Judge Hallett’s opinion would have resulted in a judgment favorable to appellant, would amount in effect to the reversal of a federal, state supreme, and two trial courts — a responsibility we would hesitate to assume, even had *251 appellant placed before ns the entire record of the proceedings in the federal court, which it has failed to do.
2. After the disposition of the first appeal in this case, and the cause had been remanded, defendant filed an answer, and a cross complaint, in the district court, wherein he claimed $1000 for services rendered in the insurance case on the federal court. This cross complaint the defendant styled, “for a 5th defense and counterclaim.” To the answer and the 5th defense, the plaintiff. replied, the replication being in the main a general demurrer, closing, however, with a paragraph reading as follows: “And for a second replication to said 5th defense, this plaintiff says that the said so-called 5th defense does not state facts sufficient to constitute a defense or counterclaim.” Almost three years after the filing of this replication, and in the midst of the trial of the case, plaintiff’s counsel insisted upon being allowed to argue this demurrer. This privilege was granted by the trial court, and the demurrer was overruled. Thereupon, plaintiff’s counsel insisted upon the right to plead over, in all respects as though he had, in apt time, filed nothing but a general demurrer and the same had been adversely ruled upon. He then and there tendered what he termed an amended replication to the counterclaim, in which he raised the statute of limitations, and nothing else. This the court permitted him to file, remarking, “I will take that matter up later. I will permit it to be filed.” By the remark, it seems the court means that he would take up later the contention of the defendant that the plaintiff had no right to plead the statute of limitations at that time. Later on in the trial, *252 defendant again called the so-called amended replication to the court’s attention, and moved that it be stricken from the files, which motion was granted. Upon the action of the trial court in striking the so-called amended replication or answer to the cross complaint, error is assigned. While it is true that the code provides that, “The objection that the complaint does not state facts sufficient to constitute a cause of action * * * may be raised at any time,” it by no means follows that whenever it is raised and adversely ruled upon, the party unsuccessfully raising it may forthwith plead over. In the first instance, of course, he may, but it would be unreasonable to hold that after having answered or replied, and the case, gone to trial, the pleader might, as he sought to do in this case, inject a defense that had been clearly waived. Under the circumstances stated, the plaintiff had no inherent right to plead over, after the disposition of his demurrer, and the trial judge, in refusing to permit him so to do, or rather, in striking his plea after the same had been filed, was well within his discretionary rights, where, as in this case, no explanation or excuse was offered, by affidavit or otherwise, for not having sooner pleaded the statute.
Wood v. Chapman, 24 Colo. 134; Gross v. Moffat, 11 Colo. 212; Owers v. Olathe Mining Co., 6 Colo. Apps. 1; People, etc. v. Barton, 4 Colo. Apps. 455.
3. The allegations in defendant’s counterclaim were that the plaintiff had employed defendant for certain things, and was indebted for such services in the sum of $1000. Plaintiff insists that the counterclaim was fatally defective in that it omitted the *253 following (as plaintiff contends) essential allegations. (a) That the plaintiff had employed the defendant; (b) that the services - were rendered at the instance or request of the company; (c) that the company promised to pay for such services; (d) an express contract, or the reasonable value of the services. We think the allegations of the counterclaim were sufficient as against a general demurrer. The complaint was based on an employment of the defendant by the plaintiff, and the plaintiff may not now be heard to deny such employment.
Wilcox v. Jamieson, 20 Colo. 158; Campbell v. Shiland, 14 Colo. 491; Munford v. Wright, 12 Colo. App. 314-9.
But, if the allegations of the counterclaim were insufficient, they were aided by the replication or answer thereto, wherein appears the following:
“Plaintiff denies that it has not paid said defendant for his services in said trial, but alleges that it has paid him the sum of $250 therefor.”
If appellant had desired a more detailed statement, it was its duty, in the preliminary stages of the case, to ask for same, and not to rely on the merits, permitting appellee to believe that the contest was one of facts.
4. The evidence submitted by defendant as to the value of the services he had rendered plaintiff, is practically undisputed. Therefore, the amount of the verdict instructed by the trial court was, in this respect, proper. In instructing the verdict, the trial court took -into consideration the $200 which plaintiff had paid directly to defendant in connection with the proposed appeal, and about which there was no controversy, other than that through an *254 oversight (as defendant contended) and without his authority, an employe in his office had demanded and received that amount from plaintiff. The plaintiff has, therefore, received credit for the $200, and there remains nothing further for our consideration except the $139.85, which was paid by plaintiff, not to the defendant, as the evidence showed, but to the stenographer, for the preparation of the bill of exceptions.
• 5. There is a clear conflict in the evidence with reference to the circumstances under which plaintiff paid the $139.85 to the stenographer for the preparation of the bill of exceptions. Defendant testified that plaintiff’s representative desired that the record be made up so that he might examine more carefully the evidence, and determine for himself whether the action of the federal judge in instructing the verdict against plaintiff was, or was not justified- while the president of the corporation testified, with equal positiveness, that he ordered the bill of exceptions, upon the advice and request of the defendant, and there was other testimony tending to substantiate the contention made by the president of the company in this behalf. On the former appeal, Judge Wilson used the following language:
“The complaint unquestionably stated a cause of action for the recovery- of the $139 paid for the bill of exceptions, and the $200 for other expenses of appeal. The defendant, according to the allegations of the complaint, was paid these sums of money for the express purpose of having the case taken to the court of .appeals for review. It is immaterial so far as the right of the recovery of these sums is concerned, what the action of the court of *255 appeals would have been. Plaintiff desired to have the case reviewed by the court, and paid these sums of money, it is alleged, for that specific purpose. Under the facts stated, the plaintiff was entitled to recover back the sums, if the defendant negligently failed to comply with the terms of his employment.”
Judge Wilson here inadvertantly states, “that the defendant, according to the allegations of the complaint, was paid these sums of money.” In this Judge Wilson was slightly in error, but we think it is not important whether the money was paid to the defendant, or was paid to the stenographer, for said bill of exceptions, as alleged in the complaint, providing the same was paid out, as the plaintiff contended, under the advice and instructions of the defendant. Whether Judge Wilson’s opinion became the law of the case, and therefore binding upon us, as counsel for'appellant contends, we need not determine. We think his conclusions as stated above were sound, and we cheerfully adopt and follow them. The question of plaintiff’s liability on the $139.85 should have been, under the evidence, submitted to the jury, and the trial court committed reversible error in taking that question from them.
6. The utmost injury which appellant sustained by reason of the error of the trial court, is definitely ascertainable, and may be readily corrected. The cause is remanded with privilege to appellee to enter a remittitur for $139.85 within ten days after the case shall have reached the district court. If appellee shall, within the time aforesaid, enter such remittitur, the judgment thus corrected *256 will be affirmed, each party paying Ms own costs. Otherwise, the canse shall stand for re-trial upon the item of $139.85 only.

Modified and remanded.