No. 13,272.

Lewis et al. *v.* Vache.
(20 P. [2d] 554)

Decided March 20, 1933. Rehearing denied April 4, 1933.

Mr. W. DAVID McCLAIN, Mr. JAMES E. GARRIGUES, for plaintiffs in error.

Mr. PERCY S. MORRIS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are husband and wife and are hereinafter sometimes referred to as Lewis and Mrs. Lewis respectively. Defendant in error is referred to as Vache.

Vache had judgment against plaintiffs in error, in their absence, on stipulation of counsel. They moved to vacate on the ground that their attorney compromised the suit without their consent and in direct violation of their instructions. That motion was denied and to review that ruling they prosecute this writ and ask that it be made a supersedeas. Both parties ask final judgment on this application.

Vache had fee title to five Denver lots. Lewis filed a mechanic's lien statement for materials and labor for improvements thereon. He then brought an action to foreclose. On purported service by publication he had judgment, but had not received a deed.

December 27, 1930, Vache filed his amended complaint herein seeking to set aside the decree foreclosing the lien on the grounds of fraud and want of service, to recover possession, rent, and damages, including attorney's fees. Demurrer, answer and reply followed. May 5, 1932, the cause was set for trial May 31, following, and then reset for June 15, 1932. On that date counsel for plaintiffs in

error here, moved for a continuance for two weeks because Lewis was in California and Mrs. Lewis seriously ill at Springfield, in the southeastern corner of Colorado, and neither could be present, nor could any other witness be produced. Counsel himself so testified in support of his motion and produced and identified letters from Mrs. Lewis to that effect. Said facts were not contradicted. The continuance was refused, apparently because the case had been long pending and because the continuance sought would postpone it until June 29, and the judge was going to start on his vacation June 26. Thereupon counsel conferred and the attorney for Vache told the court they had agreed decree might be entered giving his client all he demanded save a money judgment, each of the parties to pay their own costs. The court ordered that the stipulation be put in writing. This was done and decree entered accordingly, all on June 15th. Exhibits 1 and 2 are letters from Mrs. Lewis to her attorney, both dated June 11, 1932. The first was mailed on the train at Springfield and the second registered from that point. These were the letters in her attorney's hands and identified in his testimony in support of a continuance on June 15th.

July 19, 1932, plaintiffs in error, appearing for the first time by their present counsel, moved to set aside said judgment on the ground that it was entered without their consent, contrary to their instructions, and after the death of Vache. This motion was supported by the affidavit of Mrs. Lewis, the testimony of herself and her former counsel, and Exhibits 1 and 2.

We think this record clearly discloses that the stipulation referred to, and the judgment based thereon, constituted a compromise entered into without the consent, and against the express instructions, of plaintiffs in error. To understand their position it should be further observed that their counsel had stipulated not only that the decree in the lien foreclosure case was null and void, but that the lien statement was null and void, and the reasons assigned in the amended complaint why these

things were true were that the lien statement was knowingly false and fraudulent and the showing made for service by publication was knowingly false and fraudulent. So that when counsel for Lewis signed the stipulation he admitted, in substance, that his client had committed perjury.

That it was impossible for plaintiffs in error to be present at the trial on June 15th, or make any defense, for the reasons they assigned, has never been denied; nor has it ever been shown that such inability was chargeable to them. For some fifteen years prior to the commencement of this suit Vache had been a resident of France and had never been in the United States. At the hearing on the motion to vacate the judgment the trial court refused to receive evidence of his death.

■■ The general rule is that an attorney may not compromise his client's cause without express authority. *Hallack v. Loft, Adm'r.,* 19 Colo. 74, 34 Pac. 568. Counsel for Vache admits this rule, but stands upon the exception that when confronted by an emergency, where prompt action is required to protect his client's interests, and consultation is impossible the attorney may compromise. 6 C. J., p. 659, §175; 2 R. C. L., p. 995, §75. We recognize the exception, and the reasons upon which it rests as stated by the Supreme Court of Indiana. *Union M. L. Ins. Co. v. Buchanan,* 100 Ind. 63, 76. Here, however, there was no such emergency. Plaintiffs in error had good grounds for a continuance. These had been presented in a motion and were undisputed. Denial of that motion constituted abuse of discretion. Their counsel should have preserved his record, and prosecuted error. The contrary is true where there is no such motion and no support for it. *Bates v. Bates,* 66 Minn. 131, 68 N. W. 845.

But the principal reason why counsel was powerless to bind his clients by his stipulation was that he had received express instructions not to make this compromise. True, such instructions had been given many months be-

fore and at a time when the alleged emergency did not exist. But plaintiffs in error knew the case was set for trial, knew it must be tried unless the continuance was granted, did not know that it would be granted, yet, with ample opportunity to do so, had not modified those instructions. It was therefore counsel's duty to observe them.

Counsel for Vache recites in detail, in his brief, the probable calamities which threatened plaintiffs in error had their attorney not compromised. Suffice it to say they had the right to incur these, and they had so elected.

The order overruling the motion for a continuance is not assigned as error, and the correctness thereof is not argued by counsel for Vache. It is here wholly immaterial save as it is necessarily involved in the question of the existence of such an emergency as justified compromise. For that purpose only it is considered.

The judgment is reversed and the cause remanded with directions to sustain the motion, vacate the judgment entered upon the stipulation, and proceed in harmony herewith.