509 P.2d 1293 (1973)
George L. COON and Maxine B. Coon, Plaintiffs-Appellees,
v.
Charles GINSBERG, Defendant-Appellant.
No. 71-379.
Colorado Court of Appeals, Div. II.
April 10, 1973.
*1294 Bruno & Bruno, Frank A. Bruno, David G. Manter, Denver, for plaintiffs-appellees.
Sherman, Quinn & Sherman, Joseph R. Quinn, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
George L. and Maxine B. Coon, plaintiffs-appellees, brought suit against their former attorney, Charles Ginsberg, defendant-appellant, for damages for breach of two employment contracts. Following a trial to the jury, a judgment was entered on the verdict against Ginsberg for a total of $17,300. Ginsberg appeals and claims numerous points of error. We reverse for the reasons set forth below.
The Coons allege in their first cause of action that Ginsberg stipulated to a judgment against their express directions. The following events occurred before Ginsberg was retained. The Coons had been comakers on a promissory note that was used to finance the purchase of an airplane. A prior judgment had been entered against the Coons pursuant to the cognovit provisions of that note. The Coons, with benefit of other counsel, filed a motion to vacate that judgment, and a hearing was subsequently held. After testimony was received, the motion to set aside the judgment was withdrawn, and a stipulation was entered into in which it was agreed that the airplane would be sold at a public sale. The airplane was sold, and the sale price was credited to the judgment leaving a balance due.
Later, Ginsberg was contacted by the Coons for the purpose of having the previously entered judgment set aside. Ginsberg filed a motion for this purpose along with a counterclaim but when it came time for a hearing on the merits, Ginsberg entered into a new stipulation for a judgment which replaced the judgment previously entered. The Coons contend that this stipulation was not authorized by them, that it was contrary to their express directions, that they were denied a trial on the merits, and that they were damaged thereby.
The second cause of action involves the Coons' retention of Ginsberg for legal matters unrelated to the first employment contract.
*1295 The Coons had encountered legal difficulties in regard to their purchase of a ranch near Livermore, Colorado. Ginsberg undertook and accomplished certain legal tasks in the Coons' behalf. Before the Coons' legal problems were resolved to their satisfaction, however, differences developed between the Coons and Ginsberg which resulted in the termination of their lawyer-client relationship, and the Coons retained other counsel.
As grounds for this appeal, Ginsberg alleges that the evidence failed to establish as a necessary condition precedent to recovery that the Coons had a meritorious defense to the original judgment stipulated to by prior counsel, that the court erred in instructing the jury as to the correct measure of damages, and that the court erred in not granting a mistrial upon the insertion of a highly prejudicial matter into the trial through Mr. Coon's own testimony. We find merit in those contentions and reverse the judgment.

I.
The general rule is that an attorney may not compromise his client's cause without express authority. Radosevich v. Pegues, 133 Colo. 148, 292 P.2d 741; Lewis v. Vache, 92 Colo. 358, 20 P.2d 554; 7 C.J.S. Attorney and Client § 86. The evidence is sufficient in the record for the jury to have found that Ginsberg did in fact breach the employment contract by compromising the Coons' case without authority.
By the fundamental rules of damages, however, a wronged litigant cannot recover substantial damages in the absence of a showing with certainty that actual damages were, in fact, sustained. 25 C.J.S. Damages § 3. Thus, there can be no recovery by a client for breach of an employment contract by an attorney unless the client can show that his defense to an action negligently not pursued by the attorney would have been successful had the attorney actually carried the cause to litigation. Rosebud Mining and Milling Co. v. Hughes, 21 Colo.App. 247, 121 P. 674. Although a verified answer in sufficient detail to be specifically informative is considered generally to amount to a "meritorious defense" for purposes of setting aside a default judgment, 49 C.J.S. Judgments § 336(b), in an action for wrongful settlement against an attorney, the mere existence of such an answer falls short of establishing that the suit reasonably would have been successful if actually tried on its merits. The burden of proof is on the plaintiff client to show that he, the client, had a meritorious defense or claim and that his attorney's negligence in failing to prosecute it was a proximate cause of the damages. Annot., 45 A.L.R.2d 5.
In the case at hand the Coons introduced evidence that Ginsberg filed a counterclaim against the bank along with the motion to have the prior judgment set aside. Evidence should have been heard in regard to the allegations set out therein, and the jury should have been instructed that Ginsberg's liability depended upon the Coons establishing (1) that, had the motion been prosecuted, the judgment against the Coons would have been set aside, (2) that in a trial on the merits a judgment on the bank's claim and their counterclaim would have been favorable to the Coons, and (3) that the amount of that judgment would have been more favorable to the Coons than the settlement arranged by Ginsberg. Rosebud Mining and Milling Co. v. Hughes, supra.

II.
We also find error in jury Instruction Number Ten relating to the damages in both causes of action. The complete instruction reads as follows:
"If you find in favor of the plaintiffs, George L. Coon and Maxine B. Coon, you shall assess as their actual damages, is so far as they have been established by the evidence and in so far as they were proximately caused by the defendant's breach of his contract of employment, an amount which will reasonably *1296 and justly compensate the plaintiffs for their damages, if any.
"On the First Cause of Action, if you find in favor of the plaintiffs, you may consider only their claimed equity, if any, in the airplane, which, in any event, cannot exceed $14,000.00 and the amount of the fees which the plaintiffs paid to their attorney, which, in any event, cannot exceed $3,250.00.
"On the Second Cause of Action, if you find in favor of the plaintiffs, you may consider only the amount the plaintiffs paid to Williams, Taussig & Trine, to-wit: $3,500.00, less the $1,700.00 paid to the defendant, Charles Ginsberg, or a total of $1,800.00."
Whatever the damages might be as to the first cause of action, the record does not indicate any grounds for holding Ginsberg responsible for any lost equity in the airplane by way of the public sale. The stipulation entered into between the Coons, through their attorney at that time, and the attorney for the financing bank, took place prior to Ginsberg's entry into the case. Ginsberg could not be held responsible for any loss of equity in the airplane if, indeed, there had actually been any loss of equity sustained. The basic rule regarding damages to be followed in breach of contract actions is that the wronged party is entitled to recover compensatory damages sufficient to place him in the position in which he would have been had the breach not occurred. Taylor v. Colorado State Bank of Denver, 165 Colo. 576, 440 P.2d 772. The damages, if any, on the first claim must be based on the allegations of the complaint which in this case charged Ginsberg with entering into a stipulated default judgment without his clients' authority. The correct measure of damages is that portion of the amount to which Ginsberg stipulated that exceeds the actual amount to which the bank was entitled from the Coons at that time.
The measure of damage in regard to the second cause of action, which was for the recovery of attorney's fees paid, should be that amount that the Coons were required to pay alternate counsel in order to obtain the same legal services for which they contracted with and paid Ginsberg originally. The evidence does not support the applicability of a measure of damages such as that set forth in the instructions to the jury.

III.
While undergoing cross-examination in the course of the trial, Mr. Coon testified as to another proceeding concerning Ginsberg. Such evidence was irrelevant and of no probative value in a determination of the merits of the case at hand. In the event of a retrial of this case any reference to this other proceeding, as well as to the substance thereof, should be excluded from the evidence.
The other alleged errors need not be considered in light of the determination of those discussed in this opinion.
The case is reversed and remanded for a new trial.
SILVERSTEIN, C. J., and PIERCE, J., concur.