John A. FLEMING, Plaintiff–Appellant,

v.

LENTZ, EVANS, AND KING, P.C., a Colorado corporation; and Bruce Evans, in his official and individual capacity, Defendants–Appellees.

No. 93CA0033.

Colorado Court of Appeals,
Div. V.

March 10, 1994.

Law Office of Richard LaFond, Richard C. LaFond, Arnold Woods, Denver, Colorado; Sheila H. Meer, P.C., Sheila H. Meer, Denver, for plaintiff-appellant.

Cooper & Kelley, P.C., Paul D. Cooper, Rebecca L. Crotty, Denver, for defendants-appellees.

Opinion by Judge MARQUEZ.

In this action for legal malpractice against defendants Lentz, Evans & King, P.C., and Bruce Evans, plaintiff, John A. Fleming, appeals the judgment entered following a directed verdict granted at the close of plaintiff's case. We affirm.

At the outset, we note that we are deciding this case without a trial transcript other than the trial court's findings of fact and order from the bench.

On appeal, plaintiff sets out the following facts. In 1969, plaintiff became a shareholder in a professional corporation, now, Colorado Imaging Associates, P.C. (CIA). In 1985, four officers of CIA told plaintiff they wanted him to retire and presented him with two retirement options. Plaintiff was told that, if he did not choose one of the two options, he would be terminated. Subsequently, plaintiff consulted with defendant Bruce Evans, an attorney in the firm of Lentz, Evans and King, P.C., regarding an age discrimination claim against CIA. Defendant Evans was also CIA's attorney at that time.

In their answer brief, defendants admit: "Relying on the only two legal court decisions with a similar factual pattern, Defendant Evans stated that Plaintiff had no age discrimination claim." The two decisions relied upon by defendant Evans held that shareholders in professional corporations do not qualify as employees for purposes of bringing discrimination claims under federal law. *See EEOC v. Dowd & Dowd, Ltd.*, 736 F.2d 1177 (7th Cir.1984) (alleging violation of

Title VII of the Civil Rights Act of 1964); *Hyland v. New Haven Radiology Associates, P.C.,* 606 F.Supp. 617 (D.Conn.1985) (alleging violation of the Age Discrimination in Employment Act of 1967). The latter district court case, however, was subsequently reversed on appeal. *See Hyland v. New Haven Radiology Associates, P.C.,* 794 F.2d 793 (2d Cir.1986).

After further pursuit of his claims against the corporation, *see Fleming v. Colorado Imaging Associates, P.C.,* (Colo.App. No. 92CA0005, January 28, 1993) (not selected for official publication), plaintiff brought the present action for malpractice against defendant alleging four claims for relief: breach of contract, professional negligence, negligent misrepresentation, and breach of fiduciary duty. Plaintiff claims that he was terminated by CIA after refusing to retire in accordance with a retirement agreement. While plaintiff alleges that he signed the retirement agreement in reliance on defendant Evans' advice, he fails to state how he was damaged by such advice.

At the close of plaintiff's case in a trial to a jury, defendants moved for a directed verdict. In granting that motion, the trial court stated:

> The Plaintiff's case rests upon probable success in an age discrimination case, and that, in turn, rests upon the dual contentions that the Second Circuit approach is the law in this jurisdiction and that Mr. Evans breached the legal standard of care for not guessing that it may also become the law in this jurisdiction back in 1985. I can't agree, really, with either proposition. I can't see that any Appellate Court in Colorado would agree with either of the propositions under the circumstances here presented.

Plaintiff contends that the trial court erred in granting defendants' motion for a directed verdict. We disagree.

■ A motion for a directed verdict is properly granted only if the evidence, considered in the light most favorable to the non-moving party, compels a conclusion that a verdict against the movant cannot be sus-

tained. *Myers v. Beem,* 712 P.2d 1092 (Colo. App.1985).

The issue here is whether plaintiff, in the trial court, established a prima facie case of legal malpractice against defendant. If so, the directed verdict cannot stand.

■ To establish a prima facie case, a plaintiff must show 1) that the attorney breached a duty of care owed to the plaintiff and 2) that the plaintiff suffered damages as a result of that breach. *McCafferty v. Musat,* 817 P.2d 1039 (Colo.App.1990).

■ The duty owed a client by his attorney is to employ that degree of knowledge, skill, and judgment ordinarily possessed by a member of the legal profession at the time the task is undertaken. This issue of breach of duty is usually one of fact for the jury, and not for the judge, to resolve. *McCafferty v. Musat, supra.*

■ In order to prove causation and damages in a malpractice suit, a plaintiff must demonstrate that his unpursued claim would have been successful had the attorney actually litigated the claim. *Coon v. Ginsberg,* 32 Colo.App. 206, 509 P.2d 1293 (1973).

■ Because we conclude that plaintiff's underlying claim would not have been successful, we need not consider the issue of breach of duty. The dispositive issue on plaintiff's underlying claim, and thus here also, is whether plaintiff can qualify as an employee under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. (1988). We conclude that he cannot.

The ADEA defines employee as "an individual employed by an employer," and an employer is defined as "a person engaged in an industry affecting commerce." 29 U.S.C. § 630(f) and (b) (1988). These definitions offer little guidance to courts.

■ Several courts, including the Tenth Circuit, in determining whether a plaintiff has employee status under one of the anti-discrimination acts, have adopted some type of an "economic realities" test. *See, e.g., Wheeler v. Hurdman,* 825 F.2d 257 (10th Cir.1987). Under such a test, courts look to whether the person shared in the firm's prof-

its and losses, and whether he or she participated in the firm's management, control, and ownership. Such a participant is not an employee. *See Fountain v. Metcalf, Zima & Co.,* 925 F.2d 1398 (11th Cir.1991) (member/shareholder in a professional corporation is not an employee); *Wheeler v. Hurdman, supra* (general partner in a general partnership is not an employee); *EEOC v. Dowd & Dowd, Ltd., supra* (shareholder in a professional corporation is not an employee); *but see Hyland v. New Haven Radiology Associates, P.C., supra,* 794 F.2d at 798 (In a split decision the majority adopted a form over substance argument, stating: "[T]he use of the corporate form precludes any examination designed to determine whether the entity is in fact a partnership.").

We conclude that the better reasoned view is that of the Tenth Circuit and other courts that have adopted an "economic realities" test. Under this test, plaintiff cannot qualify as an employee.

Here, according to the trial court, plaintiff held an equal ownership interest in the profits and assets of the professional corporation. Likewise, all shareholders, including plaintiff, shared in the liability and expenses of the professional corporation. Last, within this professional corporation, plaintiff had an equal vote and an equal opportunity to serve as an officer. Significantly, because plaintiff does not challenge these factual findings and did not certify the trial transcript to this court, we consider these findings undisputed.

Thus, we conclude that plaintiff was not an employee of the professional corporation within the meaning of the ADEA at the time of the acts and events of which he complains. As a matter of law, therefore, plaintiff has failed to establish any causation between the advice given and his damages. *See Coon v. Ginsberg, supra; see also National Wrecking Co. v. Spangler, Jennings, Spangler & Dougherty,* 782 F.2d 101 (7th Cir.1986) (summary judgment affirmed in legal malpractice case for lack of causation because the plaintiff failed to prove the underlying case which the lawyer lost was a valid cause of action).

At this point, the only possible argument plaintiff could make is that, at some previous point in time, a trial court would have decid-ed this issue differently and that the decision would not have been appealed or not reversed by a different panel of this court.

We conclude, however, that as a matter of law, any such argument "falls short of establishing that the suit reasonably would have been successful if actually tried on its merits." *Coon v. Ginsberg, supra,* 32 Colo.App. at 210, 509 P.2d at 1295.

We do not condone defendant Evans' possible conflict of interest between plaintiff and the other shareholders in the corporation or a possible breach of duty, if any. Those possible improprieties, however, have no bearing on the fact that plaintiff did not have a legitimate claim under the ADEA.

In sum, we conclude that a verdict against defendants could not be sustained, and thus, defendants were entitled to a directed verdict.

The judgment is affirmed.

RULAND and CASEBOLT, JJ., concur.