## No. 11,475.

NEWITT v. BOARD OF COMMISSIONERS CHAFFEE COUNTY.

Decided September 20, 1926.

Action by county judge to recover salary for acting as clerk. Judgment for defendants.

### *Affirmed.*

1. OFFICES AND OFFICERS—*County Judge—Clerk.* Section 7924, C. L. '21, concerning clerical assistants and reporters for county courts, has nothing to do with the office of clerk of the county court.

2. FEES AND SALARIES—*Clerk of the County Court.* Fees earned by the clerk of the county court, belong to the county.

3. *Clerk of the County Court.* Under section 2, page 225, S. L. '13, the compensation of the clerk of the county court of Chaffee county is payable only out of the fees of the county court in excess of the salary of the county judge. If there are no excess fees, the clerk is entitled to nothing, and the judge, acting as clerk could therefore receive nothing.

4. *Court Costs.* Chapter 92, S. L. '23, concerning court fees, considered and construed.

5. COUNTIES—*Officials—Fees.* Fees in excess of the salaries of county officials are payable to the county treasury.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. WILLIAM S. RUSH, Mr. G. K. HARTENSTEIN (Deceased), Mr. WALLACE SCHOOLFIELD, for plaintiff in error.

Mr. THOMAS A. NEVINS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NEWITT was plaintiff below, demurrer to his complaint was sustained, judgment went against him and he brings error.

The action was to recover back salary as county judge of Chaffee county for the first six months of 1925. The complaint stated two causes of action based upon different theories of the plaintiff's rights. The first was based upon the following facts: The plaintiff's salary for said six months, as fixed by statute, was $1,050. During a former term he acted as his own clerk (as he might lawfully do under the statute), fixed his clerk's salary at $75 per month, which the defendant board approved, and during that term, paid him his salary and said clerk's salary of $900 per annum. He kept whatever clerk's fees he collected and credited them on the salaries. This was done under the supposed authority of C. L. § 7924, which reads as follows: " *   *   *   All county judges may appoint such clerical assistants and reporters as shall be necessary for the transaction of the business of their courts, at such compensation as shall be fixed by said judges, with the approval of the board of county commissioners." For his new term, beginning in 1925, the board refused to continue this arrangement.

Both parties in their briefs agree, and we concur with them, that the above statute has nothing to do with the office of clerk, but only with additional clerical assistants and reporters; consequently we do not notice this cause of action further.

The second cause of action takes the ground that the salary of the judge is payable to him out of the general fund, that the fees belong to the clerk and so to the judge if he elects to act as his own clerk, and consequently he has the right to retain the $714 in fees, which he collected during the period aforesaid, and receive $1,050 salary in addition; while the board contends that the fees belong to the county and so he must credit the $714 fees upon

his salary and they will pay him the difference, $336.00. We think the board is right.

Session laws 1913, page 225, § 2, reads: "The clerk of the county court * * * shall be paid only out of the fees and emoluments of the office of county judge and clerk of the county court actually collected in excess of the salary of the judges as fixed in section 1 hereof respectively, and not otherwise." The salary was $1,050, the fees $714. There was then no excess, and a clerk could be paid nothing. Under C. L. § 5802, the judge may "perform the duties of clerk, and receive the compensation and fees therefor"; if, therefore, the clerk can receive nothing, he can receive nothing. This conclusion is strengthened when we note that by the session laws of 1909, chapter 201, page 487, and in previous acts of which that chapter is an amendment, in counties of classes including Chaffee, the judge had to pay the clerk out of his own salary, and it was evidently the intention of the act of 1913 to permit him to use the fees of the office in excess of his own salary to pay a clerk.

Plaintiff in error takes the ground that chapter 92, S. L. 1923, gives the fees for the clerk's services to the clerk, and, being a later law, should control us. We cannot agree that that is so. The purpose of this chapter 92 was to make the clerk's fees in each suit payable in a lump sum and chargeable in that manner, instead of in itemized detail as previously. It did not differ from the acts of which it was an amendment, and under which all the fees belonged to the county, in any way to justify the claim that it has changed the theory of the previous acts in that respect. Formerly all fees belonged to the officer to whose service they appertained. To remedy certain defects and alleged abuses which developed under this system, the law of 1891 was passed, which changed this condition, required all county officers to pay their fees into the county treasury and to receive fixed salaries. This court in *Airy v. People,* 21 Colo. 144, 40

Pac. 362, held that under the Constitution, article 14, section 15, the officer might retain his fees up to the amount of his salary and pay over only the balance. Since then that law has stood, modified from time to time in various ways, but never varying from the theory that the fees in excess of the salary of the officer were payable to the treasury.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.