## No. 16,287.

### BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY *v*. BULLOCK.
(220 P. [2d] 877)

Decided July 17, 1950.

Mr. J. FRED SCHNEIDER, for plaintiff in error.

Mr. RICHARD H. SIMON, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS litigation involves the interpretation of the statutes relating to the remuneration of a county judge of a county of the fourth class when he also acts as clerk of the court. It arose when the County Commissioners sought an accounting from the County Judge. After defendant had answered, plaintiff filed a motion to amend the complaint. This was denied. But the court then ordered the parties to enter into an agreed statement of facts, which they did subsequently. This statement reads as follows:

"The parties, by their respective attorneys, hereby agree to the facts in this case, as follows:

"I.

"That this action was instituted by the Board of County Commissioners of the County of Park, State of Colorado, as plaintiff, against the Honorable Clarence S. Bullock, County Judge of Park County.

"II.

"That the County of Park was a county of the 4th Class, Division B, by virtue of Chapter 66, Sec. 68, 1935 C.S.A., repealed April 2, 1945, with certain reservations (see Session Laws 1945, page 338, Section 17).

"III.

"That the defendant, the Honorable Clarence S. Bullock, is the duly elected, qualified and acting Judge of

the County Court of the County of Park; that as such Judge he first took office by virtue of appointment as County Judge and as Clerk of the County Court in 1933; that he received a salary of $1200.00 per year as County Judge, which was paid from the county general fund as the fees of the County Court were not sufficient to pay the salary; that from 1933 through 1944 he acted as Clerk of the County Court as well as Judge of the County Court; that no monthly vouchers for his services as Clerk of the County Court were submitted to the Board of County Commissioners.

"IV.

"That on May 16, 1945, the Board of County Commissioners made a written demand upon the defendant to turn over to the Treasurer of Park County all fees collected by him as Clerk of the County Court up to and including December 31, 1944; that of the fees collected by defendant he has refused to turn over the sum of $3560.82 for the reason that he claims said fees are rightfully his as clerk of the County Court.

"It is also agreed that during said period to December 31, 1944, clerical assistance for the County Court was paid to other employees than defendant by warrant drawn upon the County Treasurer from the general fund in addition to said fees retained by defendant as Clerk of the County Court."

After an argument as to the law applicable to the foregoing facts, the trial court dismissed the complaint at the cost of plaintiff and entered judgment in favor of defendant. The losing plaintiff comes here as plaintiff in error seeking reversal.

Counsel for plaintiff in error files nine specifications of error which he groups and argues under six questions.

1. Did the Court err in denying plaintiff's motion for permission to file amended complaint?

We believe this question should be answered in the negative for the reason that Rule 15 (a) R.C.P. Colo. provides that a party may amend his pleadings as

a matter of course at any time before a responsive pleading is filed, or if there be no responsive pleading within twenty days; that otherwise amendments may be made only with the consent of the adversary, or by leave of the court. Counsel admits that with the filing of defendant's answer the right to amend as a matter of course had been lost and that further amendment was within the discretion of the trial court. Counsel states that the amended complaint "merely added a second cause of action" to that already stated in the original complaint, and that it supplemented the original complaint which was proper. Accepting counsel's statement, we do not believe the trial judge abused his discretion in not allowing said amendment, especially when counsel for both sides subsequently entered into an agreed statement of facts. *Cascade Ice Co. v. Austin Bluff Land & Water Co.*, 23 Colo. 292, 47 Pac. 268; *Perry v. Perry*, 74 Colo. 106, 219 Pac. 221; 41 Am. Jur., p. 499, §304; 2 Am. Jur., p. 894, §74.

2. Are the offices of county judge and clerk of the county court fee offices?

Plaintiff in error says they are. Defendant in error asserts the negative. Both rely upon the following two provisions of the Colorado Constitution:

"There shall be elected at the general election in each organized county in the year nineteen hundred and four, and every four years thereafter, a county judge, who shall be judge of the county court of said county whose term of office shall be four years, and who shall be paid such salary or compensation, either from the fees and emoluments of his office or from the general county fund, as shall be provided by law." Article VI, §22.

"For the purpose of providing for and regulating the compensation of county and precinct officers, the general assembly shall, by law, classify the several counties of the state according to population, and shall grade and fix the compensation of the officers within the respective

classes according to the population thereof. Such law shall establish scales of fees to be charged and collected by such of the county and precinct officers as may be designated therein, for services to be performed by them, respectively, and where salaries are provided, the same shall be payable only out of the fees actually collected in all cases where fees are prescribed. All fees, perquisites and emoluments above the amount of such salaries, shall be paid into the county treasury." Article XIV, §15.

Counsel for plaintiff in error argues that under the authority of section 15, Article XIV, the legislature "set up a fee schedule for county judges for nearly every conceivable service to be performed by the county judge [section 20, chapter 66, '35 C.S.A.] except in probate cases, which was taken care of in Section 21 of Chapter 66, 1935 C.S.A. Fees of clerks of courts of record were and are fixed by Sec. 8 of the same chapter." It is accordingly argued that under the Constitution and applicable statutes the positions of county judges and clerks of county courts are fee offices.

Counsel for defendant in error calls attention to *Dixon v. People,* 53 Colo. 527, 127 Pac. 930, where this court expressly held that a county judge within the meaning of the Colorado Constitution was not a county officer, thus overruling *In Re Compensation of County Judges,* 18 Colo. 272, 32 Pac. 549. In *Dixon v. People, supra,* it also was held that the county judge's salary may be paid from the fees of his office or from the general county fund, depending upon the statutory provisions enacted in pursuance to the constitutional provision. Section 68, chapter 66, '35 C.S.A., as amended by S.L. '37, chapter 148, page 567, provides: "The county judges in the several counties of this state shall receive as compensation for their services rendered, an annual salary to be paid monthly out of the general county fund and not otherwise, except in all counties of the fifth class where such salaries shall be paid out of the fees,

perquisites and emoluments of the office, to-wit: * * * Fourth class, division 'B,' salary $1,200.00 * * *" listing Park along with seventeen other counties in that classification.

■ We are not concerned with S.L. '45, chapter 125, where, inter alia, Park county is reclassified as a county of the fifth class and sections 41 and 68, chapter 66, '35 C.S.A., are repealed, for the reason that that act was passed subsequent to the period involved in this litigation. *Flanders v. Kochenberger*, 118 Colo. 104, 193 P. (2d) 281, is founded upon the 1945 Act. That case is therefore not pertinent to the situation here; also for the further reason that in that case we held there were issues of fact raised by the pleadings that could not be disposed of by a summary judgment.

■ As to the salary of the clerk of the county court, section 70, chapter 66, '35 C.S.A., contains the following provision:

" * * * The judge of the county court in all counties of the third, fourth and fifth class may appoint a clerk, who shall be clerk of the county court, whose salary shall be fixed by the judge of said court, but shall not exceed * * * Division 'B,' and $750.00 per annum in counties of the fourth class; * * *

"The classification herein provided shall be based on the classification of counties for salaries of county judges. All such salaries shall be paid monthly out of the general county fund, except in counties of the fifth class, where such salary shall be paid out of the fees, perquisites and emoluments of the office. In the event of the judge of the county court in any county elects to act as clerk of said court as provided by section 191 of chapter 146, *he shall not be entitled to the salary from the general fund hereinabove provided.*" (Italics ours.)

Inasmuch as this section expressly states that the county judge, when he elects to act as clerk, shall not be paid as such clerk from the general fund, section 191, chapter 46, '35 C.S.A., would appear to become operative,

and particularly the clause which reads: "Or if any of the said judges prefer so to do, they may elect to perform the duties of clerk, and receive the compensation and fees therefor, * * *."

The answer to plaintiff in error's second question is, therefore, that the offices of county judge and clerk of the county court are not fee offices, except when the county judge elects to perform the duties of clerk under the provisions of section 191, chapter 46, '35 C.S.A., in which event he shall "receive the compensation and fees therefor."

■ 6. This raises the sixth question involving the constitutionality of these statutory provisions. It is argued that they are in conflict with section 15, article XIV, of the Colorado Constitution. This contention might be tenable if this court's ruling in In *Re Compensation of County Judges, supra,* holding that county judges are county officers, were still the law. In view of the fact that in *Dixon v. People, supra,* our court overruled the earlier case, any apparent conflict with section 15, article XIV, disappears.

Questions 3, 4 and 5 are interrelated and are accordingly set forth together: 3. Are the salaries of the county judge and clerk of the county court payable from the fees? 4. Can the county pay all or any part of the salary of the judge or clerk out of the general county fund? 5. Must the county judge and clerk pay all fees collected to the county treasurer, and does their failure to so do deprive them of their respective salaries?

Counsel for plaintiff in error answers these three questions, in the order stated: "Yes," "No," and "Yes." We do not agree with his answers. He also relies upon section 41, chapter 66, '35 C.S.A., which reads as follows:

"All fees collected by county officers shall be paid over to the county treasurer, and shall be kept by him in separate funds to be known as: The 'county judge's and clerk of county court fee fund,' The 'sheriff's fee fund,' And the 'county clerk's fee fund,' The 'county

treasurer's commission and fee fund,' The 'justice of the peace fee fund' (giving name of justice), The 'constable's fee fund' (giving name of constable), And all salaries or compensation of county judges, clerks of county courts, sheriffs and county clerks, and their deputy or assistant clerks, and deputy sheriffs, county treasurer and employees under them, the justice of the peace and constables, shall be paid out of said funds and no others. Any balance left to the credit of said funds, in any year, after all the salaries and compensation provided for in this section shall have been paid to the end of such year, shall be placed to the credit of the general county fund. [L. '91, p. 314, §22; R. S. '08, §2554; C. L., §7902.]"

Counsel for defendant in error cite section 43, chapter 66, '35 C.S.A., reading as follows: "It shall be the duty of county sheriffs, county judges, county clerks and recorders, clerks of the district court, and all county officials to collect all fees of their respective offices as the same are earned and to pay the same to the county treasurer of their respective counties monthly, and also to file monthly with said county treasurer an itemized statement of all fees so earned and collected. Any county official who fails to comply with this section shall not be entitled to his pay. [L. '19, p. 378, §10; C. L., §7904.]"

In *Airy v. People*, 21 Colo. 144, 40 Pac. 362, our court, speaking through Mr. Justice Campbell, said: "We hold that under this constitutional provision [Article XIV, section 15] the officers named are not obliged to pay over to the county treasurer any of the fees collected by them until after the amount of such fees equals the amount of salary fixed by the act;—in other words, that it is only the excess or surplus of fees above salaries which by the constitution and this act belongs to the county, and which only the legislature can compel the officers thus to turn over and pay into the treasury."

Our Court of Appeals in *Blanchard v. Chaffee County*, 15 Colo. App. 410, 62 Pac. 579, relied upon *Airy v.*

*People, supra.* The first paragraph of the syllabus in the Blanchard case reads as follows: "Section 22 of the act fixing the salaries of county officers (Session Laws, 1891, page 307), which requires county officers to pay over all fees to the county treasurer to be by him kept in separate funds known as fee funds, is in violation of section 15, article 14 of the constitution by the terms of which in case salaries are provided to be paid out of the fees of office, only the fees in excess of such salaries shall go into the county treasury. A sheriff's fee fund attempted to be created under said section 22 has no legal existence, and a warrant drawn against such fund is void."

Counsel on both sides in the present case discuss *Newitt v. Commissioners,* 80 Colo. 109, 249 Pac. 269. After that case was decided, the legislature enacted a provision which appears in the Session Laws of 1929, at page 351, being section 70, chapter 66, '35 C.S.A., the relevant portion of which we have heretofore set forth. We are of the opinion that this section supersedes and renders nugatory our court's ruling in *Newitt v. Commissioners, supra.*

■ It will be noted that section 70, chapter 66, '35 C.S.A., provides for the appointment and payment of a salary to the clerk of the county court out of the general county fund. Under section 191, chapter 46, '35 C.S.A., a county judge may elect to "perform the duties of clerk." If he does so "he shall not be entitled to the salary from the general fund hereinabove provided." '35 C.S.A., c. 66, §70. Had the county judge of Park county appointed a clerk of the county court, that clerk would have been entitled to a salary of $750 per year out of the general fund; but when he elected "to perform the duties of clerk," he came under the provision of section 191, chapter 46, '35 C.S.A., reading: "Or if any of the said judges prefer so to do, they may elect to perform the duties of clerk, and receive the compensation and fees therefor." Inasmuch as the salary of the

clerk then became limited to the fees received in the operation of that office up to a maximum of $750, it was the duty of the judge, acting as clerk, to turn over to the county treasurer all fees received in excess of $750 annually, but he was under no duty to turn over less than that amount in annual fees received. *Airy v. People, supra; Blanchard v. Chaffee County, supra.*

The judgment is accordingly affirmed.