## No. 19,932.

WALTER J. GOLTL, ET AL., *v.* ROBERT G. CUMMINGS, ET AL.

(380 P. [2d] 556)

Decided April 1, 1963.    Rehearing denied April 22, 1963.

Mr. DAVID BERGER for plaintiffs in error.

Messrs. ROGERS, McCLAIN & BROWN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

CUMMINGS and DuCharme brought suit against Walter and Edna Goltl, seeking specific performance, or if specific performance was found to be impossible, for damages. They alleged that the Goltls owned a tract of land consisting of some seven lots situated in Adams County, to which they had been granted an exclusive option to purchase for a total purchase price of $36,000; that in due time they had notified the Goltls of their election to exercise this option to purchase and were ready, willing and able to perform all of their obligations thereunder, but that the Goltls breached their obligation and refused to consummate the sale.

By answer the Goltls admitted ownership of the seven lots, and that they had entered into an option contract with the plaintiffs, but contended that Cummings and DuCharme instead of electing to exercise their option had in fact rejected their offer to sell, and, alternatively, that they had failed to make a timely exercise of their right to purchase.

About midway in the trial, counsel for Cummings and DuCharme advised the court that "at this time counsel for both parties having conferred upon this matter, we would like to read into the record a stipulation for settlement of the case." Whereupon counsel for the Goltls stated that "we have discussed this matter among counsel and among the parties, and we the defendants have agreed to convey [to Cummings and DuCharme] the north one hundred ten feet of lot 1, block 1, Waljosa Subdivision, Adams County, for cash consideration of ten

thousand five hundred dollars." The trial was then halted and the matter continued for thirty days for the purpose, as we see it, to permit the parties to perform their respective obligations under the stipulated agreement.

Subsequently, Cummings and DuCharme by motion advised the trial court that the Goltls had "refused to abide by the terms of their Stipulation," that they were ready, willing and able to perform their obligations, and they sought to compel the Goltls to "live up" to their agreement by the entry of a judgment in conformity with the terms of the stipulation. This motion was granted and appropriate judgment duly entered.

By a "Motion for New Trial or Re-Hearing or Amendment of Judgment . . ." the Goltls asked the court to vacate its judgment and proceed with the trial of the matter, contending that there never was any agreement between the parties and that the "purported stipulation" was neither valid nor enforceable. This motion was denied and by writ of error the Goltls seek reversal of the judgment.

It is the basic position of the Goltls that there was never any agreement between the parties, only a "purported stipulation," and that the matter was simply postponed for thirty days to permit the parties to further negotiate with the understanding that if no agreement could be reached then the trial would be resumed. Cummings and DuCharme, on the contrary, contend there was a stipulated agreement between the parties disposing of the entire controversy, that such agreement is valid and enforceable, and that the Goltls are now trying to "back out" of their promise.

Disposition of the matter necessarily involves a more minute consideration of that which Cummings and DuCharme claim was a "stipulated agreement," but which to the Goltls was only a "purported stipulation."

The record discloses that throughout the trial counsel

were "talking settlement." Just before Cummings and DuCharme were about to "rest" their case there was a noon-time recess which lasted some three hours. When court reconvened, counsel for Cummings and DuCharme stated that a "stipulation for settlement" had been agreed upon and that counsel for the Goltls would "read it into the record." Counsel for the Goltls then stated that "we the defendants have agreed to convey" certain described land for $10,500. Further, counsel for the Goltls declared that under the terms of their agreement the Goltls reserved the right to use the south ten feet of the property to be conveyed by them. Cummings and DuCharme through their counsel acquiesced in the foregoing and also specifically agreed to release any and all claims they might have against the remaining property owned by the Goltls.

It was recognized that the various terms of this stipulation could not be carried out *instanter, ergo* the continuance of the matter for thirty days. Hence, the reason for the following statement by counsel for the Goltls: "We plan to settle and complete negotiations in this matter within fifteen days. After a title commitment is rendered or given to plaintiffs' attorney . . . and title is merchantable in the defendants . . . the plaintiffs will pay the cash sum of ten thousand five hundred dollars forthwith — forthwith meaning within a week, I believe. As soon as the attorneys can get together to close the matter." Finally, counsel for Goltls requested that the proceeding up to that point "be held in abeyance," the expressed thought being that any resumption of the hearing would take up from there "unless, of course, this matter is settled as we have set forth."

Based on the foregoing the trial court said, inter alia, "Let the record show that a stipulation agreement has been reached by and between the parties and read into the record . . ." Up to this point it seems obvious that there was an agreement between the parties *in praesenti*, not one to be made *in futuro*.

■ Counsel for the Goltls bases most of his argument on one additional statement made by the trial court. In continuing the case for thirty days the court said ". . . if the terms and conditions of the stipulation are not complied with that we may resume the trial of the case at the point where it was left off, which is immediately before the plaintiff rests." The Goltls argue that this in effect gives them an "option" of complying with the terms of the stipulation or refusing to so do, and in the latter event the trial will simply be resumed. With this we do not agree. When this phrase is viewed *in context*, it merely continues the matter to give the parties to the agreement time to carry out, or in good faith attempt to carry out, the terms of their agreement. A deed had to be drawn, Cummings and DuCharme had to be satisfied that the Goltls had merchantable title to the property to be conveyed, and they had to raise $10,500 in cash. To accomplish this took time, and this was the reason, at least in part, for the thirty day continuance.

Additionally, the statement by the trial court that "if the terms and conditions of the stipulation are not complied with that we *may* resume the trial of the case at the point where we left off . . ." (Emphasis supplied) indicates a recognition by the court that it might possibly be subsequently determined that terms of the stipulation could not be met, even though all parties in good faith attempted to so do, in which event the trial would be resumed "at the point where we left off." For example, the Goltls might be unable to deliver a merchantable title to the property to be conveyed. In such event the stipulation would, perforce, fall and the trial court could then be resumed, no doubt on plaintiffs' claim for damages.

■ To adopt the position now advanced by the Goltls that this one utterance of the trial court released both parties from the terms and obligations of their stipulation is patently at odds with the intent of the parties as it existed at the time when the trial was adjourned for the

announced reason that the parties had agreed upon "a stipulation for settlement of the case." When the record is read in its entirety, with isolated statements not being read out of context, it is evident that there was in fact an "agreement" between the parties. The fact that the Goltls have since "changed their minds," in nowise alters their earlier intent so clearly indicated by their declaration that they "agreed to convey" certain described property for $10,500, in cash!

Finally, in entering a judgment conforming to the stipulation, the trial court by such action clearly showed that in its view the parties had in fact agreed upon a "stipulation for settlement," and further that such agreement had not been vitiated in any manner by any statement uttered by it. This is deemed to be of significance, since the Goltls in urging that there was "no agreement" rely heavily upon the aforementioned statement of the court, and not what was said by the parties or their counsel. For all these reasons, we are convinced that this isolated utterance of the trial court was never intended to release the parties from the respective obligations created by the compromise agreement, nor was it at the time so understood by even the parties themselves.

In support of the general proposition that stipulations of this nature may be enforced by the summary entry of appropriate judgment, see *Hansen v. Ryan,* (Mo.) 186 S.W. (2d) 595 (1945), which presents a factual situation analogous to that in the instant case. There the plaintiff, as vendee, sought to establish as against the vendor and his assign that a contract for the purchase and sale of described real estate was valid and in full force and effect. It was later stipulated in open court that if the plaintiff paid the defendant a certain sum of money within thirty days, then the contract would be declared valid, but that if plaintiff failed to pay said sum within thirty days, the contract would then be held invalid. The plaintiff thereafter failed to make the payment called for in the stipulation, and the defendant moved the court to

enter a judgment to conform with their agreement. The trial court entered a judgment which invalidated the contract, and upon appeal the judgment was affirmed with the following comment:

"In the administration of justice and the prompt dispatch of business, courts must and do act upon the statements of counsel and upon the stipulations of parties to pending causes. Where the parties have voluntarily entered into a stipulation, which appears fair and reasonable for the compromise and settlement of the issues of a pending cause, and where the stipulation is spread upon the record with the consent and approval of the court, as here, the parties are bound thereby and the court may, thereafter, properly proceed to dispose of the case on the basis of the pleadings, the stipulations and admitted facts."

Similarly, in holding that a stipulation agreed to by the parties and their respective counsel in open court was "valid and enforceable," it was said in *Karpinski v. Karpinski*, 130 N.Y.S. (2d) 364:

"The plaintiff is bound by the stipulation and it is valid and enforceable. The courts look with favor upon agreements and stipulations to end litigation, and will enforce them if possible . . . And such agreements and stipulations, where made in open court and where undisputed and proper, may be summarily enforced by motion . . . In fact, it is the duty of the court to enforce the stipulation in this case. It would make for mockery in the administration of justice in this court and breed contempt for its power if a party were permitted to evade responsibilities assumed before the bench after days in litigation and trial."

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.

## ON PETITION FOR REHEARING

The Goltls in their petition for rehearing do not con-

tend that this Court overlooked or misapprehended anything in connection with its determination that the stipulation entered into by the litigants through their respective counsel is valid and enforceable by the entry of a judgment conforming to the terms thereof.

They do urge, however, that the judgment as entered by the trial court does not include *all* of the terms of their stipulation, and therefore ask that we direct the trial court to modify its order and judgment so as to include two matters agreed to by the parties but omitted from the decree of the trial court.

The Goltls point out that the stipulation provided, *inter alia,* that the Goltls would convey to Cummings and DuCharme the north one hundred ten feet of lot 1, block 1, Waljosa Sub-Division, Adams County, but specifically reserving to themselves the right to use under certain fully described conditions the south ten feet thereof, and that this reservation was not contained in the judgment of the trial court. Similarly, they note that Cummings and DuCharme agreed to release and waive any and all claim they might have against the remaining property owned by the Goltls, which was also omitted from the decree.

We agree with this contention of the Goltls that the decree should conform to all the provisions of the stipulation. Accordingly the matter is remanded to the trial court with directions to modify its order and judgment so as to conform to the stipulation of the parties in all particulars, said judgment to specifically include the two provisions of the stipulation referred to in the preceding paragraph. The judgment when so modified is affirmed, and the petition for rehearing is denied.