H. W. HOUSTON CONSTRUCTION COMPANY, Petitioner,

v.

The DISTRICT COURT OF the TENTH JUDICIAL DISTRICT, State of Colorado, the Honorable Richard D. Robb, Respondent.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF PUEBLO, Petitioner,

v.

The DISTRICT COURT OF the TENTH JUDICIAL DISTRICT, State of Colorado, the Honorable Richard D. Robb, Respondent.

Nos. 81SA72 and 81SA78.

Supreme Court of Colorado, En Banc.

May 26, 1981.

Melat & Wheeler, Jeffrey R. Wheeler, Colorado Springs, for petitioner Board of County Commissioners of Pueblo County.

Lee N. Sternal, P. C., Pueblo, for respondent.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Colorado Springs, for petitioner H. W. Houston Const. Co.

LEE, Justice.

In this original proceeding, separate petitions in the nature of prohibition pursuant to C.A.R. 21 were filed by petitioners who were the defendants in the trial court. We have consolidated the petitions for the purpose of this opinion. We issued our rule to show cause why the relief prayed for should not be granted. We now discharge the rule in part and make the rule absolute in part.

On July 5, 1978, a cement mixer owned by Fountain Sand and Gravel Company (Fountain) was damaged in a construction site accident. The driver of the truck, an employee of Fountain, was injured in the accident.

On October 4, 1979, Fountain filed a negligence action against the Board of County Commissioners of Pueblo County (Pueblo) and H. W. Houston Construction Company (Houston), alleging that Pueblo and Houston were responsible for the property damage to Fountain's truck. The complaint sought damages in the amount of $5,642.09.

A pretrial conference was held on December 30, 1980, and all parties stipulated that Fountain had incurred property damage to its cement truck in the amount of $5,642.09.

Some time prior to January 9, 1981, the attorneys for the parties *apparently* had reached a compromise and settlement of Fountain's claim against Houston and Pueblo. Houston and Pueblo each tendered a $2,500 check to Fountain to settle its property damage claim. They also tendered a stipulation of dismissal with prejudice pursuant to C.R.C.P. 41(a)(1)(B) and a general release form of all liability.

Fountain's attorney refused to execute the stipulation for dismissal and informed his clients that he would not allow them to accept the compromise and settlement. He explained that when the general release form was tendered he refused to execute it since he had understood the settlement to be of property damages only. Subsequent discussions with Fountain's officers had indicated that the driver of the cement truck, who had also been injured, had been paid $24,673.40 Workmen's Compensation benefits by Fountain, which was self-insured under the Workmen's Compensation Act.

Fountain's attorney informed the attorneys for Pueblo and Houston that one of two courses could be followed: first, Fountain would retain the $5,000 tendered and would execute a limited release of its claim

for property damage only; or, second, in the alternative, Fountain would return the $5,000 and go to trial on its claim for property damage and its claim for reimbursement of the Workmen's Compensation benefits in the amount of $24,673.40 paid to its injured employee. Pueblo and Houston rejected these offers, preferring instead to attempt to have the "agreement" enforced as a settlement of all claims arising out of the incident.

When no course of action could be agreed upon by the parties, Fountain sought leave to amend its complaint to include the personal injury claim. After a hearing, the district court allowed Fountain to amend its complaint to include the personal injury claim. The court concluded that the parties had intended to compromise and settle only the property damage claim and that the compromise and settlement was binding upon the parties. The trial date was postponed. On February 23, Fountain moved for entry of judgment for $5,000 on the compromise and settlement agreement. Pueblo and Houston each brought separate C.A.R. 21 petitions, seeking relief from the order of the district court. Those petitions were consolidated for consideration by this court.

I.

We agree with the contention of Houston and Pueblo that under the circumstances of this case the district court erred in holding that the settlement and compromise, which related only to property damages, was binding on the parties.

A settlement and compromise is, in effect, a contract to end judicial proceedings. See Goltl v. Cummings, 152 Colo. 57, 380 P.2d 556 (1963). In order for a settlement to be binding and enforceable, there must be a "meeting of the minds" as to the terms and conditions of the compromise and settlement. Pring v. Udall, 95 Colo. 23, 31 P.2d 1113 (1934); 6 Corbin on Contracts § 1278 (1962).

The limited record before us indicates that the parties in this case never reached an understanding which could be the basis of a binding compromise and settlement. The attorneys for Pueblo and Houston indicate that they believed the $2,500 payments were in settlement of all claims arising from the accident with Fountain's cement truck, and, for this reason, they submitted a general release form to Fountain. However, Fountain's attorney indicates that he understood the compromise and settlement was limited only to the claim for property damages and did not necessarily involve all claims arising out of the incident. Since there was no meeting of the minds with regard to the scope of the proposed compromise and settlement, it was not an enforceable contract.

II.

Pueblo and Houston also claim that the district court abused its discretion in granting Fountain's motion to amend its complaint. We do not agree. The granting of a motion to amend a complaint is within the discretion of the trial court. Commissioners v. Bullock, 122 Colo. 218, 220 P.2d 877 (1950). Leave to amend shall be freely given when justice so requires. C.R.C.P. 15(a); Platte Valley Motor Co. v. Wagner, 130 Colo. 365, 278 P.2d 870 (1954). Absent an abuse of discretion, we will not overrule the trial court. Palmer Park v. Potter, 162 Colo. 178, 425 P.2d 268 (1967).

We find no abuse of discretion in allowing the amendment to the complaint. Fountain's attorney was unaware of the personal injury claim until January 1981. Immediately upon learning of the claim he sought leave to amend the complaint to include that claim. The personal injury claim arose from the same event which gave rise to the property damage claim involved in the action. The negligence, if any, on the part of Pueblo and Houston would be relevant to both the property damage and the personal injury claims. Thus, the only new issue injected into the trial was the issue of damages for the personal injuries sustained by the truck driver. The trial court granted a continuance to allow Houston's and Pueblo's attorneys

time to prepare for the additional damage issue. Under these circumstances, we do not perceive prejudice to Pueblo and Houston and therefore hold that the trial court did not abuse its discretion in granting the motion to amend the complaint.

The rule to show cause challenging the court's order holding the compromise and settlement agreement to be a binding agreement is made absolute. The rule to show cause challenging the court's order allowing the amendment to the complaint is discharged. The cause is remanded to the district court for further proceedings consonant with the views expressed herein.